## NORMAN HOLTZINGER V. STATE

No. 27,799. November 23, 1955

*Porter Johnson* and *Clarence Bentley*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Tom T. Thorpe*, and *Charles S. Potts*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is robbery by assault; the punishment, 25 years in the penitentiary.

The record contains no statement of facts other than what appears to be a transcript of the testimony of Tom Thorpe, an assistant district attorney, who participated in the prosecution,

which does not appear to have been agreed to by the attorneys or approved by the court.

There are three bills of exception, each of which is qualified by the trial judge who declined to certify "to the existence of any facts which are not established by the record in this case." Appellant did not except to these qualifications.

Since the facts upon which appellant's complaints are predicated are not established by the record nor certified by the court in the bills of exception, we are not authorized to consider the question raised.

In view of the custom and practice attributed to the assistant district attorney, we deem it proper to say that we do not condone but in a proper case would feel compelled to condemn the practice referred to in the state's brief as a post-verdict discussion between members of the district attorney's staff and jurors who, though discharged in the case in which they have returned a verdict favorable to the state, continue to be members of the jury panel from which jurors are to be chosen in other criminal cases.

Attorneys who represent the state in criminal prosecutions have no more right to mingle and converse with members of the jury panel than have attorneys who represent defendants who are awaiting trial before a jury to be selected from such panel. No doubt each would profit from a discussion with the jurors who have just returned a verdict in their favor, learning from the jurors what problems, if any, gave them trouble in arriving at such verdict. The time for such a discussion is not, however, when the attorneys are still faced with the selection of another jury from the panel for the trial of other cases in which they are counsel.

The practice referred to, if pursued, might well prejudice the case of the defendant yet to be tried and require that he be granted another trial.

For the reasons stated, the bills of exception present no reversible error.

The judgment is affirmed.