There was no allegation in the indictment that the burglary was committed in the day time or at night, and none was requisite, it being alleged that the entry was by force and breaking. See Adcock v. State, 151 Tex.Cr.R. 452, 209 S.W.2d 174; Stout v. State, 142 Tex.Cr.R. 537, 155 S.W.2d 374; Castro v. State, 115 Tex. Cr.R. 291, 29 S.W.2d 760.

The State was under no burden to establish that the defendant was not guilty of some other offense. Its burden was to prove beyond a reasonable doubt that he committed the offense charged in the indictment.

Had the State alleged or proved that the house was burglarized at night then the authorities relied upon might be applicable.

The prior conviction alleged for enhancement was established by certified copies of the judgment and sentence; records of the Texas Department of Correction, including fingerprints, supported by expert testimony identifying them as identical with those of the appellant. Such manner of proof has been approved. See Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182; Rhodes v. State, Tex.Cr.App., 299 S.W.2d 153; Spencer v. State, Tex.Cr.App., 300 S.W.2d 950; Roberts v. State, Tex.Cr.App., 301 S.W.2d 154; Baladez v. State, Tex.Cr. App., 310 S.W.2d 113; Stockwell v. State, Tex.Cr.App., 316 S.W.2d 742.

The evidence is sufficient to sustain the jury's verdict.

The jury found appellant guilty and found that he had been previously convicted as alleged, and the court entered judgment upon the verdict adjudging that appellant be punished by confinement in the penitentiary for not less than two nor more than twelve years.

The applicable punishment under the jury's verdict and Art. 62, Vernon's Ann. P.C. is twelve years, and the judgment will be reformed so as to so provide.

As reformed, the judgment is affirmed.

Clifford Harrison ROSSER, Appellant,

v.

The STATE of Texas, Appellee.

No. 30120.

Court of Criminal Appeals of Texas.

Nov. 19, 1958.

Temple R. Driver, Roger W. Crampton, Wichita Falls, for appellant.

L. T. Wilson, Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is murder; the punishment, life.

No statement of facts in the trial on the merits accompanied the record.

The only question sought to be raised is the failure of the trial court to grant his motion for severance. There is nothing in the record to show that such motion was ever presented to the trial court or that he acted thereon. Since there is no order and no exception thereto, there is no informal bill of exception which can be considered under Article 760c, Vernon's Ann.C.C.P., and nothing is presented for review. Crawford v. State, Tex.Cr.App., 305 S.W.2d 362.

The judgment is affirmed.