## V. A. GOMEZ v. STATE

No. 33,045.   May 3, 1961
Motion for Rehearing Overruled June 14, 1961
Leave to File Second Motion for Rehearing
and to Stay Mandate Denied June 16, 1961

*Bernard A. Golding,* Houston (on appeal only) for appellant.

*Guilford L. Jones,* District Attorney, Big Spring, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is receiving from Leroy Wright and concealing stolen property; the punishment, seven years.

The testimony of the witness Wright shows that he was employed in the warehouse of the Saunders wholesale plumbing supply company in Big Spring; that appellant, whose wife owned a number of apartment houses, began coming to the warehouse to make purchases; that originally appellant made a personal loan of one hundred dollars to Wright, and when Wright was unable to repay the loan he suggested that appellant come to the warehouse and get some "merchandise" belonging to his employer in satisfaction of the debt. During the course of their relationship, Wright delivered to appellant's employee a certain hot water heater described in the indictment, and such heater was, by such employee at appellant's instruction, installed in one of the properties under appellant's control, where it was later found by the officers.

Wright's testimony that appellant knew the property was stolen was corroborated by a number of facts. Checks made payable to Wright by appellant were introduced, together with obsolete form invoices made out to appellant for plumbing supplies and which were concealed by Wright at his home. It was shown that appellant never had an account with the Saunders Company; that Wright had been instructed not to sell to appellant; and that the books and records of the Saunders Company

failed to show that appellant had ever paid the Saunders Company for any of the merchandise covered by the invoices. It was further shown that after the Saunders Company began to make an investigation of the shortages appellant left and went to Mexico, where he remained for the greater part of three years, and his whereabouts was unknown to the authorities in Big Spring who were looking for him to answer a complaint which had been filed against him. Certain plumbing equipment which corresponded to that shown on the invoices was found in appellant's possession and the serial numbers had been removed.

Appellant did not testify or offer any evidence in his behalf. The court charged on the law of accomplice testimony and circumstantial evidence.

This is a brief resume of the lengthy record, but we deem it sufficient to support our conclusion that the evidence is sufficient to support the verdict; and we shall address ourselves to a discussion of the two questions strenuously urged by brief and in argument.

It is first contended that the trial court erred in failing to grant a continuance. The motion in the transcript does not show that it was ever presented to or acted upon by the trial court, and therefore under our holdings in Bullard v. State, 331 S.W. 2d 222, Crawford v. State, 165 Tex. Cr. Rep. 147, 305 S.W. 2d 362, and the cases there cited, there is nothing presented for review. There has been transmitted to this court a document entitled "Motions before the Court," but it has not been authenticated by anyone, and under the authority of Holtzinger v. State, 162 Tex. Cr. Rep. 231, 284 S.W. 2d 158, and Article 759a, V.A.C.C.P., cannot be considered.

For the same reason, appellant's claim of error growing out of the court's failure to grant a postponement cannot be considered.

No reversible error appearing, the judgment is affirmed.