LOUIS PATRICK HENDERSON, JR. V. STATE

No. 34,061.  January 3, 1962
Motion for Rehearing Overruled February 14, 1962

*M. Gabriel Nahas, Jr.*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Samuel H. Robertson, Jr., Daniel P. Ryan, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the unlawful possession of narcotic paraphernalia; the punishment, 5 years.

Officer A. J. Geffert of the Houston Police Department, Narcotics Division, testified that on the day in question, he had a conversation with appellant, who at such time was incarcerated in jail; that in the conversation, appellant told him that if he would go to a motel at 4012 Airline, cabin No. 1 where appellant lived, "I would find the rest of the pills and narcotics that he had at that location"; that with appellant's consent he went to the address and searched the cabin; that in the search he found a hypodermic needle and eye dropper under the sink in the bathroom and four bottles containing an assortment of pills and capsules in a suitcase.

Officer C. L. Burton, upon being called as a witness, corroborated Officer Geffert's testimony relative to the search of the cabin and finding the needle, eyedropper and bottles of pills and capsules.

The evidence shows that the needle, eyedropper and the four bottles of pills and capsules were delivered by Officer Geffert to Chemist and Toxicologist Thomas L. Metz of the Houston Police Department. Chemist Metz testified that the needle was used for subcutaneous injections and the eyedropper was also adapted for such use into a human being. Chemist Metz further testified that he ran a quantitative analysis on the needle and eyedropper which revealed that they contained .715 milligrams of morphine, a narcotic drug, and that a quantitative analysis run upon the pills and capsules revealed that some contained a derivative barbituric acid and some contained amphetamine.

Appellant did not testify or offer any evidence in his behalf.

Appellant insists that the court erred in permitting Officer Geffert to relate the conversation which he had with appellant concerning the location of the narcotic paraphernalia because it was in the nature of a confession which was not in writing and did not otherwise comply with Art. 727, V.A.C.C.P.

Appellant's oral statement to Officer Geffert that he had the narcotics in his cabin which led to the officers finding the narcotic paraphernalia therein was admissible as an oral confession under the exception contained in Art. 727, supra, which reads, "* * * or, unless in connection with said confession he makes statements of facts or circumstances that are found to be true,

which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed * * *." Glaze v. State, 165 Texas Cr. Rep. 626, 310 S.W. 2d 88; Sikes v. State, 169 Texas Cr. Rep. 443, 334 S.W. 2d 440 and Graves v. State, 169 Texas Cr. Rep. 595, 336 S.W. 2d 156. We are unable to agree with appellant that this statutory exception in Art. 727, supra, is unconstitutional because it compels an accused to take the stand and testify in order to submit the matter as a fact question to the jury.

Appellant also contends that the search of the cabin without a search warrant was an illegal search and the court therefore erred in admitting in evidence the results of the search.

The evidence was undisputed that appellant consented to the search. The fact that appellant was under arrest when he gave the consent did not vitiate the same. Feather v. State, 168 Texas Cr. Rep. 334, 333 S.W. 2d 851; Sikes v. State, supra, and Graves v. State, supra.

We have carefully reviewed the cases cited by appellant in support of his contention that the search was illegal and do not deem them here controlling. Many of the cases cited relate to searches incident to an arrest. Such is not the situation in the instant case where the search was with appellant's consent.

We find no merit in appellant's contention that the court erred in admitting in evidence the four bottles containing the barbiturates and amphetamine tablets because it constituted proof of other extraneous crimes. The finding of the barbiturates and amphetamine in the cabin was a part of the search and of the res gestae and proof thereof was admissible. Brown v. State, 159 Texas Cr. Rep. 306, 263 S.W. 2d 261; Aaron v. State, 163 Texas Cr. Rep. 635, 296 S.W. 2d 264 and Windham v. State, 169 Texas Cr. Rep. 448, 335 S.W. 2d 221.

We overrule appellant's remaining contention that the evidence is insufficient to support the conviction because his oral confession to Officer Geffert was not corroborated.

Officer Geffert's testimony and the other evidence which shows that pursuant to appellant's instructions the officers did go to the cabin, searched the same and in the search found the narcotic paraphernalia and barbiturates which appellant stated he had in the cabin is sufficient to corroborate appellant's oral confession.

The judgment is affirmed.

Opinion approved by the Court.