Jose **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38742.

Court of Criminal Appeals of Texas.

Dec. 1, 1965.

Rehearing Denied Jan. 19, 1966.

Arthur L. Gallucci, James F. Parker, Jr., McAllen, for appellant.

R. L. Lattimore, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for attempted burglary with the intent to commit theft, and his punishment was assessed at two years.

The manager of a drive-in grocery store testified that about 10:45 P.M., October 2, he closed the store building; that at closing time there were no marks on the single rear door and there was one or two old marks on the door casing, and that it was locked with four slide locks and two pad locks on the inside; that about 6:15 A.M., October 3, he opened and entered through the front door and then unlocked and opened the rear door; that there were pry marks on the rear door and the wood was broken on both the door and the door casing; and that he did not give anyone his consent to break and enter or to attempt to break and enter the store. He further testified that there was a large light at the rear of the store which lighted the whole area.

Josefa Castaneda testified that from her house almost a block distant from the drive-in grocery store she saw a man about 11:30 P.M., walking toward the rear door of the

store from a white pickup which was parked on the street; and then the pickup, without lights, was driven away. After a short time at the rear of the store, the man walked around the store next to her house toward the front of the store. Then she saw another man come from the north and go to the rear of the store. At this time she went to a neighbor's house and telephoned the police. On returning home, she saw the pickup coming from the north and park across the street in front of the store. Next, she saw a police car park at the rear of the store and an officer go to the rear of the store. The pickup which she first saw appeared to be the same as the one parked later in front of the store.

On responding to a telephone call, Officer Sanchez saw a white pickup parked across the street from the drive-in which was driven away as he approached. By police dispatch, Sanchez was asked to investigate the pickup that drove away, which he did after it had travelled about 100 yards. The appellant was the driver, and while Sanchez was getting the license number, another dispatch caused him to release appellant and his companion, and when he arrived at the store he learned that the men he had just released were those wanted, and he later that night saw them at the police station.

While Deputy Sheriff Garza was en route to the drive-in he saw the white pickup Officer Sanchez had stopped, and noticed that it had a "rocket" sign on the door. Shortly thereafter, Garza stopped a white pickup with a "rocket" sign on the door, and it bore the same license number as the pickup stopped by Sanchez.

Police Chief Castaneda testified that he found a screwdriver in the pickup in which the appellant was apprehended; that when he arrived at the drive-in about 1:30 A.M., he found some marks on the rear door which he determined were made by a screwdriver by fitting one into the marks. He further testified that later that night he found the heel print of a shoe track about 100 feet east of the rear door of the store; that he made a plaster cast of it; that he asked appellant's companion for his shoe and he voluntarily said, "I will pull it off," which he did and handed it to him; and he compared the shoe and the print and they matched.

The appellant did not testify or offer any evidence in his behalf.

The court submitted this case to the jury upon the law of principals and circumstantial evidence.

The evidence is sufficient to support the conviction.

■ Fundamental error is urged on the ground that evidence of burglary cannot support a conviction of attempted burglary as they are separate offenses; and that the evidence here shows that an actual breaking and entering occurred, whereas the indictment charges attempted burglary.

A small rest room which one must pass to enter the store from the rear, has a door about three and one-half feet on the outside from the rear door of the store. Its hasp and lock were pried off. It appears that appellant relies on these facts to show burglary. From the evidence, it is concluded that the state relied upon and the testimony reflects, that an attempt was made to break and enter the rear door of the store

■ Error is urged because of the answer of the state's witness Castaneda on cross-examination when she was asked about the identity of the pickup. This matter arose as follows:

"Q Could it have been a different pickup?

"A Well, the man that was driving the pickup that night, he admitted to mother that he was the one.

Mr. Leopold: We object to that as being hearsay."

The objection was never ruled upon by the court. However, the answer of the witness does not appear to be hearsay. The source of her knowledge was not shown. No motion was made to exclude it or to instruct the jury not to consider it. No error is presented.

It is contended that the trial court erred in admitting the testimony of Officer Garza that at the time he apprehended appellant and his companion, Leonel Gonzales, that appellant denied talking with a policeman on North Conway and also denied that he had been in that vicinity, which the evidence shows was near the store in question. The conversation referred to was when Officer Sanchez investigated the pickup that was driven away from the store as Sanchez approached. Gonzales objected to such testimony on the ground he was under arrest when such statements were made. The appellant made no objection to such statements, or motion to have the statements withdrawn.

The appellant and Gonzales were co-defendants and were jointly on trial on the merits, but only the appellant is here on appeal. Each defendant was represented by different and independent counsel.

The objection of Gonzales was overruled and he reserved his exception. At this time the appellant stated, "Let the record also show the exception of the defendant, Jose Rodriguez." The court made no statement or ruling following appellant's statement. No grounds or reasons were given in connection with the exception and therefore, nothing was preserved for review.

On cross-examination the state's witness Garza was further asked which one of the defendants at the time they were apprehended told you * * * did Gonzales tell you anything at that time? To which Garza answered: "Yes, sir. He said he had been sleeping in the pickup and he didn't know what his partner had done." This testimony was the basis of a defensive charge that if Gonzales was asleep in the pickup at the time of the alleged attempted burglary, to acquit him.

The failure of the appellant to object to the statements complained of, and the introduction on cross-examination of a state's witness of other statements made at the same time, without objection, reveals no error, as it is a part of the same conversation. Art. 728 C.C.P.

It is contended that the trial court erred in admitting in evidence the plaster cast allegedly made of a heel print, and the testimony of the correspondence of the same with a shoe Gonzales was wearing when he and the appellant were apprehended.

The testimony of Chief Castaneda that on the night in question he found a heel print of a shoe track about 100 feet east of the rear door of the store and later made a cast of it, and then compared it with Gonzales' shoe and they matched, is sufficient to authorize the admission of the testimony in evidence.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.