Thomas Edward **BANNON**

v.

**STATE.**

Jack Carroll **SMITH**

v.

**STATE.**

Nos. 38575, 38576.

Court of Criminal Appeals of Texas.

Dec. 8, 1965.

Rehearing Denied Feb. 2, 1966.

Second Motion for Rehearing Denied March 9, 1966.

Certiorari Denied Oct. 10, 1966.
See 87 S.Ct. 38.

he saw said automobile parked in the driveway in front of the apartment house; that during the day of March 7, Dan McElveen, the owner, noticed that some furniture was missing from an unoccupied apartment; and that he had not given anyone permission to take the furniture from the apartment.

Dan McElveen, owner of the apartment house, testified that on March 7, he determined that a chair, an end table and two lamps of the aggregate value of forty dollars which he saw on March 6, had been taken, without his consent, from one of his apartments. The loss of the furniture was reported to the police, and on April 3, he identified the furniture he had missing at the police station. Three girls had previously occupied the apartment.

Detective Helm testified that from his investigation of the theft of the furniture he determined that a gray Corvette Stingray had been seen at the apartment during the night the furniture was taken; that from a girl who had lived in the apartment he learned that she had dated the appellant Bannon; and his further investigation showed that Bannon owned the same type car as the one which was seen by Wall on March 7, at the apartment house and he obtained the license number of said car; that on March 15, when he stopped a car for speeding he observed that it was the same type car that had been seen at the apartment house, and he advised the occupants, who were the appellants, that he was a police officer, and after they identified themselves he told them that he wanted to talk with them about a case, and asked them to accompany him to the police station which they did by following him in their car. On talking with the appellant Bannon, alone, at the police station, Bannon at first denied but soon admitted to Helm that he and Smith took the furniture from the apartment house. Officer Helm then called Smith into the room and upon being asked he admitted to Helm that he and Bannon took the furniture from the apartment. Both Bannon and Smith stated that the

Ronald R. Waldie, Dallas, Robert Downing, Richardson, Emmett Colvin, Jr., Dallas, (on appeal only), for appellants.

Henry Wade, Dist. Atty., Don Koons, Curtis Glover and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellants were separately charged by information but were convicted upon a joint trial for misdemeanor theft; and the punishment for each was assessed at thirty days in jail and a fine of $100.

Howell A. Wall, the resident manager of a 16 unit apartment house testified that shortly after midnight March 6, he saw a late model gray Corvette Stingray automobile occupied by two men parked at the rear of the apartment house; that after a brief time and from a distance of ten feet,

furniture was then in the apartment where they were living. When they agreed with officer Helm to bring the furniture to the police station, they left and in fifteen or twenty minutes they returned with the furniture in the gray Corvette Stingray, and later McElveen identified the furniture at the station as that removed from his apartment.

The appellants did not testify or offer any evidence in their behalf.

It is contended that the trial court erred in refusing to grant a mistrial on the ground that the prosecutor commented on appellants' failure to testify.

■ The contention is directed to the following jury argument of the state: "I told you, Gentlemen, that we have brought you every scintilla of evidence that the Constitution or the laws of the State of Texas will allow us to bring you and told you everything about the case we know. I also want to read you something additional in the Charge." Then the state's attorney read the court's instructions in the charge on the failure of the appellants to testify.

The motion for mistrial on the ground that such argument, followed by a reading of that portion of the charge to the jury, violates the rules and is prejudicial and deprives the appellants of a fair trial, was overruled.

It is concluded that the argument complained of did not constitute a comment on the failure of the appellants to testify.

■ It is insisted that the trial court erred in admitting the oral statements of the appellants made while they were under arrest and for the failure to offer them effective assistance of counsel before the statements were made.

The evidence reveals that officer Helm stopped the appellants for speeding, identified himself as a police officer and when they had identified themselves, Helm told them that he had a case he wanted to talk to them about and asked them to follow him in their car to the police station which they did. At this time Helm had talked with one of the girls who had previously occupied the apartment and while there she had had dates with Bannon; and Helm had obtained the license number of his car which was a gray Corvette Stingray, which corresponded with the car he had stopped for speeding. On talking with the appellants at the station, they admitted to Helm that they took the furniture and voluntarily brought it from their apartment to the station. No charges had been filed when they brought the furniture to the station. At this time Helm told them: "I'm not sure what charge I will file on you, and I would advise you to contact an attorney," and then released them, and the next day the attorney now representing the appellants telephoned Helm, and he advised him that they had not been filed on but he was going to do so, and in about two weeks they made an appearance bond.

The oral statement of the appellants that they took the furniture, which they soon brought to the station, and the testimony of officer Helm that he had no knowledge of its location before the statements were made, authorizes the admission of such oral statements in evidence under the provisions of Art. 727, Vernon's Ann.C.C.P. Langer v. State, 171 Tex.Cr.R. 8, 343 S.W. 2d 463; Henderson v. State, 172 Tex.Cr.R. 75, 353 S.W.2d 226.

■ The appellants never at any time requested counsel or that they be provided counsel before the making of any oral statement; and never asked to use the telephone or that any person be notified; and no attorney sought to confer with them. The contention as to the assistance of counsel before the statements were made is overruled.

■ The evidence is sufficient to support the convictions and no error appearing; the judgment is affirmed.

Opinion approved by the Court.

McDONALD, Presiding Judge (concurring).

I concur in the affirmance, but I feel that just as a trial court is precluded from giving undue prominence in its charge to a jury by singling out particular facts or specific parts of testimony and charging thereon, a similar rule applies to a prosecutor in cases of this kind. He should not be allowed to utilize the court's charge as was done in the case at bar. True, any lawyer may read to the jury portions of the Court's charge, or all of the Court's charge. However, in those areas of our jurisprudence wherein restraint is imposed upon prosecutors to refrain from alluding to or mentioning the failure of a defendant to testify, I think it highly improper for a prosecutor to use the Court's charge as a vehicle to get before the jury what amounts to an improper comment by the prosecutor. I do not condone such practice. In fact, I condemn it. Such trial strategy, if allowed, would in effect be arming the state with a weapon it is not entitled to use. The clear purpose and intent of Art. 658, Vernon's Ann.C.C.P. would be given a new and misintended meaning. A continuance of such trial antics will call for a reversal of many cases. While the complained of argument does border closely upon improper comment on the failure of appellants to testify, I agree that it does not call for a reversal of this case.

MORRISON, J., joins in this concurring opinion.

### ON APPELLANTS' MOTION FOR REHEARING

WOODLEY, Judge.

The writer joined in the unanimous approval of the opinion of Commissioner Belcher affirming the above convictions in a joint trial and holding that the complained of argument did not constitute a comment on the failure of the appellants to testify. He did not join in the concurring opinion of his fellow judges condemning the conduct of counsel for the state because of such remarks, which they said border closely upon improper comment on such failure of appellants to testify, but did not call for reversal.

The complained of argument did or did not offend against the rule found in Art. 710, Vernon's Ann.C.C.P., which provides that the failure of any defendant to testify shall not be alluded to or commented on by counsel in the cause. If the complained of remarks did offend against this rule it is the duty of this court to enforce the statute and reverse. On the other hand, if, as we concluded unanimously on original submission, the remarks complained of did not constitute a comment on the failure of the defendants to testify, (and such remains the view of the writer) neither condemnation nor reversal is warranted.

Appellants' motion for rehearing is overruled.

MORRISON, Judge (dissenting).

I respectfully dissent to the overruling of appellants' motions for rehearing. I will state my reasons.

I joined my brother McDonald in his concurrence on original submission. The argument complained of is here set forth:

"MR. GLOVER: * * * I told you, Gentlemen, that we have brought you every scintilla of evidence that the Constitution or the laws of the State of Texas will allow us to bring you and told you everything about the case we know.

I also want to read you something additional in the Charge. The court further instructs you that the law allows the defendant to testify in his own behalf, but a failure on his part to do so is not a circumstance against him and no presumption of guilt can be indulged in by the jury for a failure on his part to do so.

MR. WALDIE: Your Honor, I'd like to approach the bench at this time.

THE COURT: He wants to approach the bench.

(At this time a conference was held at the bench.)

MR. WALDIE: Your Honor, I'm going to at this time object to the line of argument of the counsel and move for a mistrial. Counsel knows the rules which we are bound under. We are bound the same as he is and he is in infraction of those rules and depriving the defendant of a fair trial. And for that reason, we move for a mistrial.

THE COURT: The court reporter has taken the statement of the district attorney, and I will overrule the motion for a mistrial.

MR. WALDIE: Note my exception.

MR. GLOVER: And no presumption of guilt can be indulged in the jury for a failure on his part to do so.

THE COURT: The record will show that the district attorney is reading from the Charge, all right.

MR. GLOVER: I tell you again, Gentlemen, the State has brought you every iota of evidence, every scintilla of evidence that the law will allow us to bring you.

MR. WALDIE: Your Honor, I'm going to move for a mistrial again. He's implying that we are hiding something by not testifying to this jury, that this is prejudicial and it biases these clients' rights to a fair trial, and move for a mistrial."

On rehearing counsel for appellants has pointed out that the original opinion and the concurrence will not act as a deterrent to prosecutors, but will instead merely have the effect of establishing a guideline of permissible conduct whereby Article 710 Vernon's Ann.C.C.P., the statute which prohibits an allusion or comment by counsel to an accused's failure to testify, may be continually circumvented. Since such prohibition has now reached Federal Constitutional dimensions,[1] I have become convinced that this Court should do more than condemn, as we did in Holtzinger v. State, 162 Tex.Cr.R. 231, 284 S.W.2d 158, but should reverse these convictions.

---

1. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106.