Jack Carroll SMITH and Thomas
Edward Bannon

v.

Bill DECKER, Sheriff of Dallas
County, Texas.

Civ. A. No. CA 3–1933.

United States District Court
N. D. Texas,
Dallas Division.

June 27, 1967.

Emmett Colvin, Jr., and Ronald R. Waldie, Dallas, Tex., for plaintiffs.

James M. Williamson, Asst. Dist. Atty., Dallas, Tex., for defendant.

OPINION OF THE COURT

WILLIAM M. TAYLOR, Jr., District Judge.

Petitioners were charged by information with the offense of misdemeanor theft in Dallas County, Texas. Upon conviction, each was assessed a punishment of 30 days in jail and a fine of $100.00. They bring this habeas corpus action alleging that their constitutional right to be tried without comment by the prosecutor on their failure to testify, Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, reh. den., 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed. 2d 730 (1965), was violated in the trial court.

During his closing argument, the prosecutor addressed the jury as follows:

"MR. GLOVER: * * * I told you, Gentlemen, that we have brought you every scintilla of evidence that the Constitution or the laws of the State of Texas will allow us to bring you and told you everything about the case that we know.

I also want to read you something additional in the charge. The court further instructs you that the law allows the defendant to testify in his own behalf, but a failure on his part to do so is not a circumstance against

him and no presumption of guilt can be indulged in by the jury for a failure on his part to do so.

\* \* \* \* \* \*

MR. WALDIE: Your Honor, I'm going to at this time object to the line of argument of the counsel and move for a mistrial. Counsel knows the rules which we are bound under. We are bound the same as he is and he is in infraction of those rules and depriving the defendant of a fair trial. And for that reason, we move for a mistrial.

\* \* \* \* \* \*

THE COURT: \* \* \* I will overrule the motion for a mistrial.

MR. WALDIE: Note my exception.

MR. GLOVER: And no presumption of guilt can be indulged in the jury for a failure on his part to do so.

THE COURT: The record will show that the district attorney is reading from the charge, all right.

MR. GLOVER: I tell you again, Gentlemen, the State has brought you every iota of evidence, every scintilla of evidence the law will allow us to bring.

MR. WALDIE: Your Honor, I'm going to move for a mistrial again \* \*."

The Texas Court of Criminal Appeals affirmed the conviction, 406 S.W.2d 908 (Tex.Cr.App., 1965) and the Supreme Court denied certiorari, 385 U.S. 816, 87 S.Ct. 38, 17 L.Ed.2d 55 (1966).

 Although a comment by a state's attorney on the failure of a defendant to testify is of constitutional dimension, Griffin v. State of California, supra, it does not follow that every such comment is of such gravity as to require a setting aside of the judgment of conviction. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The test is that as set forth by the Supreme Court in Fahy v. State of Connecticut, 375 U.S. 85, 84 S. Ct. 229, 11 L.Ed.2d 171 (1963), "whether [or not] there is a reasonable possibility that the evidence complained of might have contributed to the conviction." 375 U.S. at 86, 84 S.Ct. at 230, 11 L.Ed.2d at 173. To hold that a comment by a prosecutor on the defendant's failure to testify is not such as will vitiate the conviction I must "declare [my] belief that it was harmless beyond a reasonable doubt." Chapman v. State of California, 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed. 2d at 711. This, I cannot do.

The Texas Court of Criminal Appeals affirmed the conviction apparently on the theory that the reading of portions or all of the charge to the jury during closing argument is a well-settled practice.[1] The substance of the Constitution, however, cannot be allowed to be subverted by such procedural cunningness as was indulged in by the prosecutor in petitioners' trial. The clear and unmistakable import of the District Attorney's argument was "we have brought you all the evidence at our command; the defendants sat silent when they could have spoken." In his concurring opinion, Presiding Judge McDonald condemns this practice and Judge Morrison, in his dissenting opinion on Motion for Rehearing, holds to the view that the courts should do more than condemn and should reverse when prosecutors use this tactic.[2] The great State of Texas need not be dependent upon such devices for convictions and there is no place in the administration of justice for them.

The oath taken by all attorneys to "uphold the Constitution of the United States" is no formalistic fancy, but a dedication to the enforcement of the principles upon which our system of jurisprudence is grounded. Mere condem-

---

1. See the concurring opinion of Judge McDonald, 406 S.W.2d at 911, in which Judge Morrison joined. The Court's opinion gives no indication of the nature of its holding that the argument did not constitute a comment on the failure to testify. 406 S.W.2d at 910.

2. During oral argument, counsel for the Respondent stated that the District Attorney's office instructs its prosecutors not to use this type of argument.

nation is not the safeguard of due process and tacit approval of such pointed and obvious abuse of these principles as is demonstrated by the record in this case fails to close the judicial door on such practices by attorneys.

The judgments of conviction are vacated.