**Harry Duane SWARTZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44171.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Rehearing Denied Dec. 14, 1971.

Tom F. Reese, Jr., Garland (on appeal only), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the unlawful sale of marihuana, a narcotic drug. The punishment assessed by the jury was twenty years.

The sufficiency of the evidence is unchallenged.

The first ground of error urged by the appellant is that "reversible error was committed when the court restricted appellant's attorney's cross-examination of J. M. Canibano, a witness for the State." This complaint is wholly without merit. The record does not reveal that the trial court in any way restricted appellant's attorney's cross-examination.

Appellant's ground of error no. 2 is that "reversible error was committed when the court overruled appellant's attorney's objections to hearsay evidence of appellant's connection with one Linda Green and allowed into evidence hearsay evidence of extraneous offenses." This complaint is based upon the portion of the record that follows:

"Q Officer, this Linda Green that the Defense attorney asked you about, isn't it a fact that she and the Defendant, Harry Duane Swartz, were working together on these sales?

"A That was my understanding.

"Q All right, and could you tell the jury, Officer, just how old Linda Green is, to your knowledge?

"A She is either 14 or 15.

(Defense attorney) "I object to this as hearsay.

"THE COURT: I'll overrule your objection.

"Q She and the Defendant were working together on this was your understanding?

"A Yes, sir.

"Q You knew Linda Green?

(Defense attorney) "I object to that, Your Honor. This is hearsay again to say that it's his understanding that somebody was working together in some sort of a scheme.

"THE COURT: Counsel, you went into this. I overrule the objection to it." (The record supports the trial court's finding that defense counsel had first elicited testimony on this matter.)

We find that the evidence complained of does not show an extraneous offense. Furthermore, no objection was made upon that ground during the trial. The appellant's objection as to hearsay was not timely, had it been timely made, it is not clear that the witness's answer was based on hearsay. The witness's source of knowledge is not shown and no motion was made to exclude it or to instruct the jury not to consider such testimony. No error is presented. Rodriguez v. State, Tex.Cr. App., 398 S.W.2d 124 and Boening v. State, Tex.Cr.App., 422 S.W.2d 469.

Appellant's next ground of error is that the trial court refused to submit to the jury his requested charge on entrapment. The evidence in this case does not raise this issue and the court's refusal to so charge was not error.

The appellant's last ground of error is that "reversible error was committed when the court allowed into evidence, over appellant's attorney's objection, testimony of one B. W. Ward concerning an alleged prior conviction of appellant for burglary." During the punishment stage of the trial, the State offered the testimony of the Sheriff of Van Zandt County, who testified that he also acted as bailiff. After the sheriff had positively identified the appellant, the following occurred:

"Q I want to ask you, Sheriff, if you were in the courtroom and acting as bailiff when Harry Duane Swartz pled guilty in Cause No. 12054 to the charge of burglary and was found guilty on August the 20th, 1969 and sentenced to two years in the Texas Department of Corrections?

"A Yes, sir, I was.

(Defense attorney) "Your Honor, I object to this testimony and ask that it be stricken.

"THE COURT: Overrule your objection.

(Defense attorney) "Note our exception.

"Q There is no question in your mind that this is the same man that you saw plead guilty?

"A This is the same man, yes."

The best evidence of the conviction and the usual method used to show such conviction is by a properly certified copy of the judgment and sentence. Then the identification of the defendant as the person convicted must be made. Here, the only proof of conviction as well as identification was made by the testimony of the sheriff. There was no objection to the testimony of the sheriff not being the best evidence of the conviction. Thus, no error has been shown.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, J., not participating.