**Elmer Glendon GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44925.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

Lloyd M. Lunsford, So. Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder without malice; the punishment, five (5) years.

Appellant's first seven grounds of error relate to jury selection. Forty prospective jurors appeared when the case was called. Two were excused (about which there is no question). None of the others was successfully challenged for cause. When the appellant completed his examination of venireman No. 22, the prosecutor announced that he would exercise no peremptory challenges to the first 22, but would exercise peremptory challenges to the next ten on the list. The court at this juncture terminated the examination of the remainder of the panel.[1]

■ It is the appellant's contention that the court erred in declining his motion to shuffle the venire list at this point in the course of the jury selection.[2]

When the 22 veniremen had been questioned from a list prepared by the clerk, it was then too late for the court to entertain a motion to shuffle absent a showing of some unusual circumstance. Cf. Fontenot v. State, Tex.Cr.App., 379 S.W.2d 334; Bellah v. State, Tex.Cr.App., 415 S.W.2d 418.

■ We find no merit in appellant's contention that he was misled by the "juror information forms"[3] into believing that none of the panel being examined had served in prior criminal cases. We note that at the inception of the interrogation of the panel, the State's Attorney said without objection:

"Some of you have been on the panel earlier this week where I represented the State."

Further, prior to the individual voir dire while discussing the case with the panel as

---

1. By way of explanation: At this point challenges for cause were no longer available to either party. Had the appellant exercised his statutory ten peremptory challenges at this time a jury of 12 would have nevertheless remained.

2. The record does not show that a pretrial motion to shuffle the panel was either filed or presented to the trial court prior

to the voir dire. As to the 22 veniremen, there was no limitation as to the extent of the interrogation. Cf. De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668.

3. These forms were made out on Monday, May 10, and this trial commenced on May 14, and appellant in his brief admits that such forms would not be accurate as of the day of trial.

**840**

a whole, appellant's counsel was informed that 11 of the members of the panel had served in a criminal trial earlier in that week wherein Mr. Keith, the prosecutor in the case at bar, had represented the State. This was ample notice to appellant that the veniremen in question had had prior experience in similar cases and negates his contention that the jury was preselected without his knowledge.

■ Appellant's next contention is that he was injured by permitting the State's Attorney to make the announcement concerning all his peremptory challenges in the presence of the jury and prior to the completion of the jury voir dire. At trial, appellant's sole objection was limited to the fact that he was denied the right to interrogate the remainder of the panel, after the prosecutor made known to the trial court that he was exercising his peremptory challenge on the remainder of the panel. Therefore, his objection at trial is not the same made on the appeal. See Swartz v. State, Tex.Cr.App., 473 S.W.2d 206.

■ However, we have construed his argument to claim there was a violation of Articles 35.25 and 35.26, Vernon's Ann.C. C.P., we construe these Articles as they are written, but do not interpret them to mean that a violation per se constitutes reversible error. This opinion, however, is not to be construed as sanctioning a violation of these Articles and trial judges are cautioned to adhere to the statutory wording. We simply hold that we do not find a violation of the spirit and intent of the Articles under the unique factual situation of this case. We also find no merit in appellant's contention that the trial court should have granted him additional challenges under the circumstances presented.

■ Appellant's contention that the jury had been preselected because it contained members who had earlier served in the same court with the same prosecutor is without merit. As shown above, he was given full notice of this fact by the prosecutor. It should be noted also that it is as-

certainable from this record that such prior trial in that week had resulted in an acquittal. Appellant made no showing that after this earlier acquittal, a representative of the State had "woodshedded" the panel such as we condemned in Holtzinger v. State, 162 Tex.Cr.R. 231, 284 S.W.2d 158. There is no showing that the appellant was forced to proceed with an unacceptable juror. De La Rosa v. State, Tex.Cr.App., 414 S.W.2d 668. No error is shown.

■ Appellant contends that the trial court erred in refusing to issue subpoenas for "the 40 persons pre-selected by the Jury Shepherd as prospective· jurors in this case . . ." for a hearing on his motion for a new trial in which he alleged that the venire was listed in a predetermined manner on the venire list. This is not one of the ten grounds for the granting of a motion for new trial authorized by Article 40.03, V.A.C.C.P. Appellant had ample opportunity to establish such fact, if such fact existed, during the examination of the panel. We further note that appellant failed to secure a ruling from the trial court on his motion for issuance of such a subpoena and, therefore, nothing is presented for review.

■ Appellant's last ground of error relates to argument. It appears that appellant's counsel, while discussing the deceased's wife's testimony and her credibility, made this statement:

"She says she is in love with Glen Griffin (the appellant) but she must not be in love with him because she does not live with him."

At this juncture the prosecutor objected on the grounds that the court had ruled that he could not go into it and prove that they did live together afterwards (her separation from the deceased). At this juncture, counsel for appellant stated:

"Now, Your Honor, this is not so. She does not live with this defendant and this is an improper statement."

It is apparent from the above that both counsel were outside the record and the remarks of one invited the remarks of the other.

No reversible error is reflected.

The judgment is affirmed.