**Theodis COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–81–297–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1982.

Jose Sotolongo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

UTTER, Justice.

The appellant was convicted by a jury of the lesser included offense of criminal attempt to commit burglary of a habitation after having been indicted for the offense of burglary of a habitation. Punishment, enhanced by a prior conviction, was assessed at eight (8) years in the Texas Department of Corrections. Appellant's only ground of error on appeal is that there is insufficient evidence to support appellant's conviction for criminal attempt to commit burglary of a habitation.

Criminal attempt as defined in the Texas Penal Code occurs in the following instance:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." § 15.01(a) Tex.Penal Code Ann.

Appellant was indicted for the offense of burglary of a habitation under § 30.02 Tex. Penal Code Ann. Under § 30.02 a person commits an offense if, without the effective consent of the owner, he enters a habitation with the intent to commit a felony or theft. "Enter" here means to intrude with any part of the body or physical object connected with the body.

The evidence reflects that on June 12, 1979, the complainant was preparing to bathe when she heard her doorbell being rung repeatedly. As she was not expecting anyone she did not answer and it eventually stopped. She then looked out her window and saw a man walking away from the door. After a short interim the ringing started again and she again did not answer but looked out the viewhole in the door and saw the appellant walk toward her bedroom window. She then heard a ripping sound which sounded like the screen to the window. This frightened the complainant and she phoned the apartment management to tell them to call the police. She heard the sound again at which time she picked up a chair and ran at the window screaming at the appellant. The drapes on the window were open so only the clear pane of glass separated the complaining witness from the appellant. The evidence indicates that the complainant was staring the appellant squarely in the face and saw him with a screwdriver in the glass. Appellant fled and was not apprehended until several days later when he was seen walking through the complex. During appellant's trial, the complaining witness identified appellant numerous times and stated unequivocally that the man who attempted to break into her apartment was the appellant.

The investigating officer testified that "he found the bedroom window of the apartment had been tampered with and apparently someone was attempting to make entry at that point." The police investigation further indicated that two of the caulking strips had been removed from the window and that there were pry marks on the window indicating that the instrument used in the commission of the offense extended into the interior of the apartment.

At trial appellant presented an alibi defense to show the complaining witness was mistaken as to her identification of him as the person committing the offense. He testified that he was in Orange, Texas, and not Houston on the day in question. The evidence reflects that only one of appellant's witnesses, his common law wife, could place appellant in Orange, Texas prior to 5:30 p. m. on that date. The record reflects that the crime occurred at 12:55 p. m. Orange, Texas is approximately ninety (90) miles from Houston, Texas. In view of the complaining witness' positive identification of appellant, the jury could have concluded that the appellant had sufficient time after the commission of the offense to have driven from Houston to Orange, Texas.

The fact that appellant is entitled to present evidence of an alibi defense does not require that the jury must believe such evidence. As stated in *Baldwin v. State*, 538 S.W.2d 615 (Tex.Cr.App.1976) at 616:

"The testimony was in conflict and the jury as the trier of fact resolved this conflict against the appellant. The jury may accept or reject any or all of the testimony and determine the weight to be given to it. This is the jury's function as fact finder." *Lombardo v. State*, 503 S.W.2d 780 (Tex.Cr.App.1974); *Pope v. State*, 505 S.W.2d 556 (Tex.Cr.App.1974); *Garcia v. State*, 522 S.W.2d 203 (Tex.Cr.App.1975); *Adami v. State*, 524 S.W.2d 693 (Tex.Cr.App.1975).

There was sufficient evidence from which the jury could find appellant guilty of the offense of criminal attempt to commit burglary of a habitation. See: *Smith v. State*, 460 S.W.2d 927 (Tex.Cr.App.1970); *Hines v. State*, 458 S.W.2d 666 (Tex.Cr.App.1970); *Rodriguez v. State*, 398 S.W.2d 124 (Tex.Cr.App.1965).

Appellant's ground of error is overruled. The judgment of the trial court is affirmed.