In The
Court of Appeals
For The
First District of Texas

____________

NO. 01-02-00045-CR
____________

CESAR OMAR SALAZAR, Appellant

V.

THE STATE OF TEXAS, Appellee



 
On Appeal from the 232nd District Court 
Harris County, Texas
Trial Court Cause No. 877446 




O P I N I O N
          Appellant, Cesar Omar Salazar, was convicted by a jury of possession with
intent to deliver at least 400 grams of cocaine. The jury assessed punishment at 35
years in prison and a fine of $15,000. We address (1) whether the evidence was
insufficient to sustain the conviction for a knowing or intentional possession of
cocaine, (2) whether appellant preserved any error in the trial court’s denial of a
requested continuance, and (3) whether there is a sufficient record to demonstrate that
trial counsel was ineffective for failing to prepare for trial, failing to obtain a
continuance, failing to object to extraneous offenses, failing to object to the omission
of an instruction on a lesser included offense, and failing to object to an argument
defining “beyond a reasonable doubt.” We affirm.
Facts
          Houston Police Department officers were performing surveillance on Bob
White Street of a house that they believed to be a “stash house”


 for narcotics
trafficking. During the surveillance, officers observed two individuals arrive and
enter the house, remain inside for a few minutes, and leave carrying a shoe box. The
box was placed in the back of a Ford Explorer, in which the men drove away. 
Officers followed the vehicle, hoping that a traffic violation would occur so that they
would have a reason to stop the vehicle. When the driver failed to signal a turn, the
officers made a traffic stop. During the stop, the officers learned that the driver of the
vehicle had no identification and that the passenger had outstanding warrants for his
arrest. The vehicle occupants were both arrested. During an inventory of the vehicle,
officers recovered the shoe box containing two kilograms of cocaine. Neither of the
men arrested pursuant to the traffic stop was appellant. The police then sought a
search warrant authorizing a search of the house on Bob White Street. 
          Meanwhile, two officers had remained on surveillance at the house while
tactical officers followed the men in the vehicle. One of the two officers on
surveillance observed appellant walking on Bob White Street toward the house. 
Appellant approached the house and entered through the front door, using a key. 
Fearing that appellant might destroy evidence, one of the officers on surveillance
decided that the house should be secured


 while awaiting the arrival of the search
warrant. After other police officers arrived to assist, the two officers on surveillance
decided to secure the house by seeking appellant’s permission to enter the house. 
One pair of officers, including a uniformed officer, knocked on the front door, while
others placed themselves out of view along the sides of the house. The pair of
officers, who had approached the door and knocked, then heard footsteps behind the
door and saw blinds to the side of the door move, indicating the presence of someone
inside the house. No one answered the door, however. Moving to another vantage
point, one officer saw appellant attempting to leave through a back door, wearing only
his boxer shorts. The officers detained appellant and asked why he was at the house. 
Appellant gave the officers permission to enter the house while appellant dressed. 
The officers waited in the house until the warrant was obtained. 
          A search of the house conducted pursuant to the warrant revealed that a locked
inner bedroom contained 68 kilograms of cocaine and 61 pounds of marihuana, along
with scales, plastic packaging material, outer containers of marihuana, and outer
wrappings of marihuana and kilograms of cocaine. The officers identified this room
as a “packaging room.” The key to the packaging room had been retrieved from one
of the men arrested in the traffic stop, not from appellant. There was a huge hole in
the wall between the garage and the living room that would facilitate the clandestine
transfer of large amounts of contraband into the house.
          Appellant identified his bedroom as the one next to the packaging room. 
Appellant’s room contained a bed, papers and clothes that appellant claimed belonged
to him, stereos, a cellular phone, and a television. Appellant’s bedroom also
contained a plastic bag with a powdery substance that tested negative for drugs and
some “seed material” that the officers believed to be marihuana. Photograph albums,
birth certificates, a false Social Security card, an identification card with appellant’s
picture and another address (not on Bob White Street), and $3278.00 in cash were
also obtained from appellant’s bedroom. 
 
Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence was legally
insufficient to sustain his conviction for a knowing or intentional possession of the
amount of cocaine alleged. Although appellant addresses the sufficiency of the
evidence proving appellant’s possession of the two kilograms of cocaine recovered
from the Ford Explorer, the State did not allege that appellant had any connection
with the cocaine obtained from the vehicle,


 but only that appellant possessed the
cocaine in the locked packaging room. Appellant contends that there is no evidence
present in the record that links him to the possession of the cocaine in the packaging
room.
          The standard of review for a claim of legal insufficiency of the evidence was
established by Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979). In Jackson,
the Supreme Court held that a conviction will be upheld on appeal if, after a review
of the record in the light most favorable to the prosecution, the court is convinced that
a rational fact finder could readily have found the defendant guilty beyond a
reasonable doubt. Id. 443 U.S. at 324, 99 S. Ct. at 2792. The appeals court does not
retry the case, but simply determines whether there is evidence supporting the verdict. 
See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 
 
          Appellant bases his initial claim of insufficiency on a standard set forth in
Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). In Apprendi, the
United States Supreme Court reviewed a state statute that provided for enhanced
punishment upon a finding by the trial court, by a preponderance of the evidence, that
the crime was a hate crime. Id. 530 U.S. at 468-69, 120 S. Ct. at 2351. The Court
stated:
Other than the fact of a prior conviction, any fact that increases
the penalty for a crime beyond the prescribed statutory maximum must
be submitted to a jury, and proved beyond a reasonable doubt. With that
exception, we endorse the statement of the rule set forth in the
concurring opinions in [Jones v. United States, 526 U.S. 227, 119 S. Ct.
1215 (1999)]: “[I]t is unconstitutional for a legislature to remove from
the jury the assessment of facts that increase the prescribed range of
penalties to which a criminal defendant is exposed. It is equally clear
that such facts must be established beyond a reasonable doubt.” 526
U.S. at 252-53, 119 S.Ct. 1215 (opinion of Stevens, J.); see also id. at
253, 119 S.Ct. 1215 (opinion of Scalia, J.).
Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63. Appellant argues that Apprendi
applies in that the punishment-increasing factor, the possession of more than 400
grams of cocaine, had to be submitted to the jury and proven beyond a reasonable
doubt. Contrary to the situation in Apprendi, the jury in this case had to find beyond
a reasonable doubt that appellant possessed more than 400 grams of cocaine (one
aggravating factor), with intent to deliver (a second aggravating factor), before the
jury could find appellant guilty. Apprendi concerns are thus not implicated here.
 
          Appellant is correct in asserting that “[m]ere presence at the same place where
cocaine was found is not enough” to obtain a conviction for possession under Texas
law. “It has been consistently held in this state that possession means more than just
being where the action is.” Wilkes v. State, 572 S.W.2d 538, 540 (Tex. Crim. App.
1978). Specifically, the State must prove (1) that the defendant exercised care,
custody, control, or management over the contraband and (2) that the defendant knew
that what was possessed was contraband. Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.—Houston [14th Dist.] 2001, no pet. h.).
          In this case, the jury was authorized to find appellant guilty under the law of
parties. Thus, appellant could have been found guilty if the jury found that another
person was guilty of the charged offense and that appellant, “acting with intent to
promote or assist the commission of the offense,” “solicit[ed], encourage[d],
direct[ed], aid[ed], or attempt[ed] to aid the other person to commit the offense.” See
Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 1994). Here, the evidence produced the
fair inference that the occupant of the Ford Explorer, who had the key to the
packaging room, had obtained two kilograms of cocaine from the locked packaging
room in the stash house. Therefore, it also produced the fair inference that this person 
knowingly had care, custody, control, or management over the cocaine found in the
packaging room with intent to deliver that cocaine. The issue is whether appellant
acted with intent to assist that person’s commission of the offense by aiding that
person’s possession with intent to deliver the 68 kilograms of cocaine recovered in
the packaging room.
          The State showed that appellant was residing in the bedroom next to the one
in which the cocaine was stored. Indeed, no evidence showed that anyone else lived
in the house. The huge hole in the wall between the garage and the living room gives
rise to an inference that appellant was aware that he was living in a stash house. 
Appellant did not answer the door when a uniformed officer knocked, even though 
appellant had peeked through the blinds and saw officers outside. Then, after officers
had knocked at the front door, appellant hurriedly attempted to leave through the back
door, clad only in boxer shorts. These actions reasonably imply guilty knowledge on
the part of appellant. The most reasonable inference is that appellant had guilty
knowledge of the cocaine and marihuana in the packaging room.
          Under these facts, the jury could have found that appellant was residing at the
stash house in order to safeguard the cocaine or to provide a facade that the stash
house was being used as a legitimate residence. Viewing the facts proven by the
State at trial in the light most favorable to the verdict, the jury could have found
appellant guilty as a party to the offense of possession with intent to deliver the
cocaine found in the house. 
           We overrule appellant’s first point of error.
 
Denial of Continuance
          In his second point of error, appellant claims that the trial court erred by failing
to grant a continuance requested by counsel. Appellant’s appointed trial counsel
stated in the motion for continuance that there was inadequate time to prepare for trial
due to a language barrier between counsel and appellant. Further, the motion
requested additional time due to pending civil litigation also being handled by
appellant’s counsel.
          Because the record does not show that the motion for continuance was
presented to the trial court or ruled on, any possible error is not preserved for review. 
See Gomez v. State, 346 S.W.2d 847, 848 (Tex. Crim. App. 1961).
          We overrule appellant’s second point of error.
Ineffective Assistance of Counsel
          In his third point of error, appellant contends that trial counsel was ineffective
for failing to prepare for trial, failing to secure a continuance, failing to object to
extraneous offenses, failing to object to the omission of an instruction on a lesser
included offense, and failing to object to an argument that diluted the concept of
proof beyond a reasonable doubt. 
          The standard of review for an ineffective-assistance-of-counsel claim is set
forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The
appellant’s claim has two components: (1) deficient performance and (2) prejudice. 
Id., 466 U.S. at 687, 104 S. Ct. at 2064. In evaluating trial counsel’s performance
under the first prong of the Strickland test, “a court must indulge a strong
presumption that counsel’s conduct falls within the wide range of reasonable
professional assistance.” Id., 466 U.S. at 689, 104 S. Ct. at 2065. Rebutting this
presumption necessitates a showing “that counsel made errors so serious that counsel
was not functioning as the ‘counsel’ guaranteed by the Sixth Amendment.” Id., 466
U.S. at 687, 104 S. Ct. at 2064.
          In this case, appellant did not develop trial counsel’s reasons for not preparing
and not objecting to various matters at, for example, a hearing on a motion for new
trial. In the absence of any explanation for trial counsel’s omissions, appellant has
not overcome the presumption of effective assistance of counsel. See Mallett v. State,
65 S.W.3d 59, 68 (Tex. Crim. App. 2001); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.).
           We overrule appellant’s third point of error.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.       
 
 
                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Price.




Publish. Tex. R. App. P. 47.1.