**Robert Eugene ELLIOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42587.

Court of Criminal Appeals of Texas.

Feb. 11, 1970.

James Lynn Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James Finstrom, James P. Barklow, Jr., and Charles H. Erwin, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., 12 years.

The record reflects that in the early morning hours of December 20, 1967, Minsky's Music Store, in the City of Dallas, was broken into and guitars, amplifiers and a record player taken.

Dallas Police Officer H. O. Ford was patrolling in the Preston Forest Shopping Center during such early morning hours when he observed an automobile driven from an alley behind the said music store and run a stop sign. He stopped the automobile as a result of the traffic violation. Appellant, who was the driver, got out of the automobile and walked toward the officer. When the appellant gave the officer his driver's license, Officer Ford observed that the appellant was "sweating" even though the weather was "chilly." At this point Officer Ford observed amplifiers and other equipment in plain view inside the automobile. When the appellant was asked to have a seat in the patrol car he fled on foot. Ford then arrested the passenger (Keith Underwood) in appellant's automobile and the appellant was subsequently apprehended by another officer.

Testifying in his own behalf, appellant related he had responded to Underwood's midnight phone call to take him home; that Underwood had directed him into the alley where Underwood placed the guitars in the automobile; that he knew the equipment was stolen, but "it happened so quick" he "wasn't thinking." He admitted prior convictions for burglary, theft of personal

property over the value of $50.00 and breaking and entering a coin operated machine.

Appellant's fingerprints were shown to be on a flashlight found at the point of entry into the music store. He acknowledged the flashlight was his and offered the theory that Underwood, who had access to his tool box, had borrowed the same.

In his first ground of error appellant complains of the admission into evidence, over objection, of testimony relating to the discovery and seizure of the musical equipment and instruments in appellant's automobile. He contends Officer Ford had no right to search the automobile solely as incident to an arrest for a traffic violation, and no probable cause existed which would justify the search.

We need not rest our decision upon the right of an officer to search an automobile incident to the arrest of the driver for a traffic violation absent special circumstances. See Lane v. State, Tex.Cr.App., 424 S. W.2d 925, cert. den. 392 U.S. 929, 88 S.Ct. 2270, 20 L.Ed.2d 1387; Adair v. State, Tex. Cr.App., 427 S.W.2d 67 (in which this writer dissented). The officer having a right to be where he was could testify as to what he observed and saw in plain view or open sight. See Jackson v. State, Tex. Cr.App., 449 S.W.2d 279 and cases there cited. Such evidence is thus not acquired by reason of search.

Further, this Court said in Taylor v. State, 421 S.W.2d 403, 407:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and *incident thereto* conduct an additional search for physical evidence.

* * * Under these circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered. * * * This is true even if no specific statement of fact of the second arrest is made * * *" See also Corbitt v. State, Tex.Cr.App., 445 S.W.2d 184; Denham v. State, Tex. Cr.App., 428 S.W.2d 814; Wimberly v. State, Tex.Cr.App., 434 S.W.2d 857.

Under the circumstances here presented, there is clearly no merit to appellant's contention.

Further, appellant, while testifying on direct examination, acknowledged the equipment was in his automobile at the time and that he knew it was stolen.

Ground of error #1 is overruled.

Appellant's next ground of error is likewise without merit. He contends the court erred in admitting his driver's license and the envelope in which Officer Ford had placed the same when the license was left in the police property room. He claims the proper chain of custody was not proved. Ford identified the driver's license issued in appellant's name as the one in his possession when the appellant fled on foot. He related he placed the license in an envelope and sealed it, wrote certain information for identification on the envelope and placed it in the police property room from which place he retrieved it on the day of the trial and brought it to court with him; that it was in the same condition as when he left it in the property room. The chain of custody was properly proved.

It appears to be appellant's further contention that the information on the envelope went beyond the bounds of mere identification marks and amounted to hearsay which should not have been introduced. See McDonald v. State, 160 Tex.Cr.R. 181, 268 S.W.2d 157; Powdrill v. State, 159 Tex.Cr.R. 618, 266 S.W.2d 879; Ellison v. State, 154 Tex.Cr.R. 448, 227 S.W.2d 817. We find no objection on this ground in the record. Further, while both the driver's

license and envelope were marked for identification as separate exhibits offered, it is not clear that the envelope was admitted. After objection and voir dire examination of the witness principally about the driver's license, the record reflects the following:

"MR. BARKLOW: (Assistant District Attorney) We re-offer *this* exhibit at this time, Your Honor.

\* \* \* \* \* \*

"THE COURT: Overrule the objection. *It'll* be received in evidence.

"MR. MARTIN: Note our exception.

"Q. Officer, I wonder if you would read for me the name here on this driver's license.

"A. Robert Eugene Elliott.

"Q. That's the person that gave you this driver's license and he's the same person you have identified over here as Robert Eugene Elliott?

"A. That's right." (Emphasis supplied.)

A photostatic copy of one side of the envelope is in the record before us. It contains the letters "Inv. Bwrg." In his brief appellant contends the other side contained the following notation: "This sub with Keith William Underwood w/m/20 This sub not caught."

If the envelope was, in fact, introduced and contained the notation claimed, we perceive no reversible error in view of the evidence offered. Even the appellant acknowledged he was with Underwood and fled to prevent apprehension.

Ground of error #2 is overruled.

If appellant's special requested charge was presented to the court before the charge was read to the jury, we cannot conclude the court erred in failing to give the same as it did not contain a correct proposition of law. The charge given, including the defense of alibi, amply pro-

tected appellant's rights. See Article 36.19, V.A.C.C.P.

Ground of error #3 is overruled.

The judgment is affirmed.