Gregario **PUENTES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43451.

Court of Criminal Appeals of Texas.

March 3, 1971.

Leo N. Duran, Corpus Christi (Court-appointed), for appellant.

Wm. B. Mobley, Jr., Dist. Atty., and Thomas D. McDowell, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft. Two prior convictions were alleged for enhancement under Article 63, Vernon's Ann.P.C. The punishment was assessed by the court at life.

The evidence to show that a burglary was committed is not challenged. Complaint is made that the evidence is insufficient to show that appellant was connected with the burglary.

Edward Chandler testified that the glass and a latch on a door to his home were broken and his eleven hundred dollar console color television set was taken without his consent. Two co-defendants who had been tried and found guilty were called by the appellant and each testified that they committed the burglary and the theft and that the appellant did not take part but stayed in the station wagon and tried to get them to leave the house.

John Lane testified that he owned the house and had rented it to Chandler. On the day of the burglary he was driving by and saw a large television set in a station wagon parked at the house. As the station wagon drove away at a high rate of speed, Lane pursued it. He testified that the appellant who was seated in the back seat, reached out and bent the license plate of the station wagon so that only one number could be read. Lane notified officers who took up the chase. The officers found the appellant and the two co-defendants near the stalled station wagon. The television set was found covered with Johnson grass in a ditch within a mile and a half of the stalled station wagon.

The two co-defendants testified that they, and not the appellant, put the four hundred pound television set in the ditch.

The jury evidently chose not to believe the part of their testimony that appellant had nothing to do with the burglary. The evidence was sufficient to connect the appellant with the crime alleged and to support his conviction as a principal.

Next appellant complains that the punishment of life amounted to cruel and unusual punishment under the Constitution of the United States and the State of Texas. The punishment was mandatory under Article 63, V.A.P.C., our habitual criminal statute. Our procedure under our enhancement statutes has been held constitutional by the Supreme Court of the United States in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, and by this Court in many cases, including Vandall v. State, Tex.Cr.App., 438 S.W.2d 578. No constitutional right of appellant was violated.

Lastly, complaint is made that the court erred in admitting a prior conviction which was not alleged in the indictment at the penalty stage of the trial. This contention is without merit. Article 37.07, V.A.C.C.P., provides, among other things, that prior felony convictions of a defendant not alleged may be introduced at this stage of the trial.

No reversible error has been shown. The judgment is affirmed.