**Harold Wayne HOLMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44198.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Jan. 11, 1972.

Jim Heaney, South Houston, for appellant.

Jules Damiani, Jr., Dist. Atty., Galveston, R. L. Wilson and Norman Stevens, Asst. Dist. Attys., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for possession of marihuana with punishment assessed by the jury at five years.

Appellant first complains of the trial court overruling his motion to quash

the indictment because appellant did not have an examining trial; that an examining trial was granted and postponed over objection of counsel for appellant and a true bill was returned against appellant by the grand jury before an examining trial could be had and that the denial of an examining trial deprived appellant's attorney of an opportunity to learn the strength and nature of the case against appellant. We conclude this contention is without merit.

"The magistrate may at the request of either party postpone the examination to procure testimony * * *." Art. 16.02, V.A.C.C.P. This court, in Harris v. State, Tex.Cr.App., 457 S.W.2d 903, recognized that while an examining trial may be a practical tool for discovery by defendant, the primary justification for its existence is to protect the innocent defendant from incarceration on a totally baseless accusation. If the grand jury returns a true bill prior to the time that an examining trial is held, the principal purpose and justification of such hearing has been satisfied. Harris, supra, and cases cited therein. Also see Brown v. State, Tex.Cr.App., 475 S.W.2d 938; Wilhelm v. State, Tex.Cr.App., 426 S.W.2d 850; Gooden v. State, Tex.Cr.App., 425 S.W.2d 645, 646.

■ Appellant next contends the trial court was in error in overruling his motion to suppress the fruits of an illegal search.

Officer Banes, of the League City Police Department, testified that in response to a radio broadcast, he drove to a service station where he observed a Chevrolet pickup come off Interstate 45 onto Feeder Street weaving and swerving on the road; that the vehicle pulled into the service station where he was parked and the appellant got out and staggered to a phone booth, leaving the door of the pickup open. Officer Carleton, of the League City Police Department, testified that in response to a complaint by a lady that she had almost been hit by a blue pickup, proceeded to the same station where Officer Banes had positioned himself; that he observed appellant as he drove his pickup off Interstate 45 to the service station; that Officer Banes approached the appellant, at the telephone booth, and when it appeared there wasn't going to be any trouble, he started back toward his car and that when he looked toward appellant's pickup from a distance, he could see a large box filled with big bottles of pills on the front seat of the pickup, a syringe with a needle on it, on the left side of the seat, and a black leather jacket on the floor. Officer Carleton further testified that he removed a plastic bag from the jacket that contained a substance he believed to be marihuana; that he initialed every item taken from appellant's pickup and personally took them to the Department of Public Safety in Austin. Chemist Taft, of the Department of Public Safety, testified that the substance found by Officer Carleton in appellant's jacket was 13.13 grams of marihuana.

In Elliott v. State, Tex.Cr.App., 450 S.W.2d 863, this court held it was not necessary to determine if an officer had a right to search an automobile incident to an arrest where the officer, having a right to be where he was, could observe, in plain view or open sight, the stolen musical instruments in the automobile. See Taylor v. State, Tex.Cr.App., 421 S.W.2d 403; Lewis v. State, Tex.Cr.App., 439 S.W.2d 351.

In the instant case, while Officer Banes was placing appellant under arrest, Officer Carleton was returning to his patrol car when he observed bottles of pills and a syringe on the front seat of appellant's pickup. The door of the pickup was open and the officer testified he made his observation from a distance of 55 feet.

This court said in Taylor, supra, "If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and incident thereto, conduct an additional search for physical evidence. * * * Under these

circumstances, neither the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered."

We reject appellant's complaint that the trial court was in error in overruling his motion to suppress.

Appellant contends that the trial court was in error in allowing other drugs in addition to marihuana in evidence.

The box containing bottles of pills, the needle and syringe seized by Officer Carleton, were admitted into evidence.

In Beeler v. State, Tex.Cr.App., 374 S. W.2d 237, this court held barbiturates and pistol found in automobile in which defendant had been riding just before being arrested for possessing marihuana were part of res gestae and were admissible. Patella v. State, Tex.Cr.App., 367 S.W.2d 340, held that entire fruits of one lawful search of automobile were admissible in prosecution charging offense of possession of amphetamine. See also Newhouse v. State, Tex.Cr.App., 446 S.W.2d 697; Henderson v. State, 172 Tex.Cr.R. 75, 353 S. W.2d 226. The trial court was not in error in allowing State to introduce non-marihuana items seized in legal search of appellant's vehicle.

Appellant contends eight hours of jury deliberation after a punishment hearing of an hour was excessive and resulted in a coerced verdict. In Garcia v. State, Tex.Cr.App., 435 S.W.2d 533, where the jury had only deliberated twenty minutes before reaching a verdict, this court cited Turner v. State, Tex.Cr.App., 74 S.W. 777, with approval, in which the court held:

"The law has fixed no time in which jurors shall make up their mind as to what their verdict shall be. There is no reflection upon their conduct in any way other than the fact that they were not out considering their verdict exceeding five minutes. This is not misconduct on the part of the jury, and affords no ground setting the verdict aside."

In the instant case, there is no reflection upon the jurors' conduct other than the length of time in reaching a verdict. We cannot draw inferences of jury misconduct from this fact alone.

Appellant's last complaint is concerned with the State's failure to present two witnesses in court. Appellant identifies these persons as the woman who complained about a truck weaving on the road and the nurse who withdrew a blood sample from appellant's arm after his arrest. Reliance by appellant on Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, is misplaced in that no incriminating testimony from these two persons was introduced. Under the testimony introduced, we fail to see that their testimony would be absolutely essential to this case and we find no authority to require the State to present all evidence available.

Finding no reversible error, the case is affirmed.

Opinion approved by the Court.