**Billy Joe NORRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Virgil Gilbert LAWSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 45091, 45100.**

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearings Denied July 28, 1972.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These are appeals from convictions of burglary with intent to commit theft. The

appellants were tried jointly and punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life for each of them.

At the outset, appellants contend that the court erred in admitting into evidence the fruits of the search of the suitcase found in the automobile trunk, the same being fruits of a search and seizure condemned by the Fifth and Fourteenth Amendments to the United States Constitution.

The record reflects that, upon arriving at his grocery store in Dallas on the morning of August 1, 1970, Henry Janek discovered that the store had been burglarized and bags containing approximately $940, a display card of cigarette lighters and tools had been taken.

In the early morning hours of August 1, 1970, a group of officers went to an apartment house at 508 South Marsalis Street, Dallas, for the purpose of effecting a warrant of arrest for one Judy Patterson on a narcotic violation charge. After contacting the apartment manager, the officers entered Apartment 211, where two women other than Judy Patterson were found and arrested for narcotic violations. All of the officers remained in the apartment house with the exception of Agent Kellner who was positioned in the parking lot of the apartment house to await the arrival of Judy Patterson. Officer Kellner testified that at about dawn, a car pulled into the parking lot, two men identified as the appellants got out and according to Kellner, the following occurred, "After they opened the trunk of the car, they opened a piece of luggage or a suitcase and got something out of the car and one of them reached up to close the trunk and the other one said, 'Leave it open just a second. We will come back and get the rest of the stuff.'" Kellner further testified that the trunk lid was not closed and he was able to see tools in a suitcase that was open in the trunk.

The appellants entered the apartment building and, upon approaching the upstairs apartment where officers were waiting for Judy Patterson, the two women who had been previously arrested, screamed "Police." Appellants fled, appellant Norris throwing away a sack of money later identified as fruits of the burglary from Janek's grocery store. The officers pursued appellants on foot. Appellant Lawson was not apprehended until an officer had fired a shot in the air. Officer Kellner, who was still in the parking lot, heard the commotion and after appellants were apprehended, he advised the other officer of his observation of the contents of the car trunk.

A screwdriver and a chisel found in the suitcase in the trunk of appellants' car were identified by Janek as having been taken from his store, the screwdriver having Janek's name on it.

On a motion to suppress, heard out of the presence of the jury, appellant Lawson testified the trunk was shut and was not opened by the officers until after they were arrested. The officers who went to appellants' car after the arrest of appellants testified that the trunk of the car and the suitcase therein were open. The court overruled appellants' motion to suppress and made findings that the trunk lid was open and the contents found in the suitcase and other items offered into evidence were in plain view of Officer Kellner; that such items were not seized until after the arrest of appellants and that the seizure of such items was lawful.

Appellant urges that the searching officers had no knowledge of the commission of the crime which bore the fruits of this search; that the officer had no probable cause to believe the contents of the automobile offended against the laws and that the search was not incidental to appellants' arrest, nor a self-protective search.

In Holman v. State, Tex.Cr.App., 474 S.W.2d 247, bottles of pills and a syringe were observed by the officer on the front seat of defendant's pickup when defendant got out and left the door to said vehicle open. This Court held the bottles of pills and syringe were not fruits of illegal search and were admissible as evidence in plain view.

In Elliott v. State, Tex.Cr.App., 450 S.W.2d 863, defendant was stopped for a traffic violation. While the officer was talking to defendant after defendant got out of his vehicle, the officer observed amplifiers and other equipment in plain view inside the automobile which were found to be the fruits of a burglary. This Court said, "The officer having a right to be where he was could testify as to what he observed and saw in plain view or open sight. See Jackson v. State, Tex.Cr.App., 449 S.W.2d 279 and cases there cited. Such evidence is thus not acquired by reason of search."

In the instant case, we find that the evidence supports the court's finding that the items seized in the trunk of appellants' car were in plain view of the officers. The officers having a right to be where they were when they made the observation of the contents of the trunk, the seized items were not fruits of an illegal search but were admissible as evidence in plain view.

Appellants remaining grounds of error are not briefed nor is argument advanced. Such grounds of error are not in compliance with Article 40.09, § 9, Vernon's Ann.C.C.P. Thus, nothing is presented for review.

We have examined appellants' pro se briefs and find the contentions raised therein to be wholly without merit.

The judgments are affirmed.

Opinion approved by the Court.