John Delbert ELLINGSWORTH, Appellant,

v.

The STATE of Texas, Appellee.

No. 45289.

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Johnny M. Chirafis, Dawson & Dawson by Jack K. Smith, Corsicana, for appellant.

Jimmy Morris, Dist. Atty., Corsicana, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery with firearms. Punishment was assessed by the jury at ninety-nine years.

At the outset, appellant contends that the court erred in overruling his motion to suppress the in-court identification of appellant by the Witness York.

Appellant urges that the court should have excluded the in-court identification of York in that York identified appellant and the co-defendant when they were in handcuffs at the police department, with the only other persons present in the room being police officers.

George York testified that while he was working at the Tex-Gas station in Rice, on January 18, 1971, a pickup driven by a man identified as co-defendant Belt came to a stop at the station at about 5 P.M. In addition to Belt, there was another occupant of the pickup identified as the appellant. Two dollars worth of gasoline was purchased. Belt accompanied York inside the service station to obtain change from a five dollar bill used in payment for the purchase, while appellant stated he was going to the restroom. Upon York opening the cash register, appellant reappeared and "pulled a gun and clicked it back." York stepped back, while the appellant and the co-defendant removed what was later determined to be approximately one hundred and ninety dollars from the cash register. Officer Coleman, of the Ennis Police Department, testified that shortly after 5 P.M., on January 18, 1971, he heard a report over the police radio concerning a robbery in Navarro County in which the description of the suspects and the pickup in which they were traveling was given. Officer Coleman began a lookout for the suspects which resulted in his stopping a pickup on Oak Grove Road in the south part of Ennis that fit the description of the getaway vehicle. Pursuant to a radio request for help from Coleman, Officer Seeley, of the Ennis Police Department, arrived shortly after Coleman had stopped the pickup. Seeley testified that Coleman was talking to co-defendant Belt when he arrived and he (Seeley) began to talk to the other occupant identified as the appellant. Seeley searched appellant and removed a roll of bills amounting to one hundred and eighty-four dollars from his left front pocket. The door of the pickup was left open after appellant got out of the pickup and Seeley saw a portion of a pistol sticking out from under the seat on the floorboard which was identified by York as being similar to the pistol used

in the robbery. Deputy Sheriff Owen testified that while he was enroute to the station that had been robbed in Rice, he received word that two suspects had been arrested in Ennis. Owen picked up York at the service station and took him to Ennis where York identified appellant and co-defendant Belt as the two men who had robbed him. York testified that appellant and co-defendant Belt were in handcuffs at the police station and "Bob Owen asked me if them two looked liked the two, and I said they did." According to York, three or four other persons were present and two or three of them had uniforms on. Owen testified that while he and York were enroute to Ennis, from Rice, his radio was on and reports were given about catching the two suspects in Ennis.

Appellant urges that the holdings in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 are applicable in that the proceedings leading up to the in-court identification were so inherently tainted and impermissibly suggestive as to give rise but to one possible course of action and that was for York to identify appellant. In Cole v. State, Tex.Cr.App., 474 S.W.2d 696, it was stated:

"Although identification procedure whereby suspects are viewed singly by a witness rather than as part of a lineup has been widely condemned, Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), due process is not, however, invariably violated by such a procedure. See Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed. 2d 1267. Here again we note that each case must be considered on its own facts to determine the likelihood that a particular pretrial confrontation resulted in irreparable misidentification. Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 19 L.Ed.2d 1247."

The short lapse of time between the crime and identification of suspects militated against misidentification. See Turner v. State, Tex.Cr.App., 486 S.W.2d 797 (10/18/72). Garcia v. State, Tex.Cr.App., 472 S.W.2d 784. While the exact time elapsing between the robbery and identification of the suspects by York is not set out in the record, the circumstances dictate that it was a relatively short time. York testified that the robbery occurred about five in the afternoon. Identification was described as having been made late in the afternoon before it was dark on the same day. Owen had been called to go to the scene of the robbery, and while he was enroute to the service station, he received a radio report that two suspects had been apprehended in Ennis. Owen picked up York at the service station and took him to Ennis, where the suspects were detained. Upon arrival in Ennis, Owen testified that York identified a pickup parked outside the police station as the vehicle used in the robbery before he ever saw the suspects. York was able to give a description of the robbers and the vehicle in which they were traveling which resulted in the apprehension of the two suspects. York testified that the robbers were in the service station about five minutes, it was light inside the station as well as outside, and he had no difficulty in seeing the faces of the men or the pickup they were driving. York further testified that his identification of appellant at the station house, as well as identification of him in court, was based upon his having seen him at the robbery.

◼ The prompt identification of suspects is highly desirable to prevent the detention of innocent persons, however, this consideration does not dispense with the necessity of avoiding suggestive identification procedures.

◼ In viewing the totality of the circumstances surrounding the pretrial identification, the good view that York had of the robbers at the service station, his identification of appellant and the co-defendant a short time thereafter, as well as identifi-

cation of the pickup used in the robbery before he saw the suspects, leads us to the conclusion that there was nothing conducive to misidentification as to amount to a denial of due process. We find the in-court identification was of independent origin and not tainted by the station house confrontation even if it was improperly conducted. See Cole v. State, supra.

■ Appellant contends that his conviction should be held invalid for the reason that he was not provided counsel at all stages of the criminal proceedings.

The record reflects that counsel for appellant was appointed on February 12, 1971, and trial began on June 21, 1971.

No confession was offered into evidence so as to bring into focus Miranda v. Arizona, 384 U.S. 436, 82 S.Ct. 1602, 16 L.Ed. 2d 694 and Article 38.22, V.A.C.C.P., cited by appellant.

The United States Supreme Court, in the recent case of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, held that a showup after arrest, but before the initiation of any adversary criminal proceeding, unlike the post indictment confrontation in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S. Ct. 1951, 18 L.Ed.2d 1178 (relied on by appellant in the instant case), is not a criminal prosecution at which the accused, as a matter of absolute right, is entitled to counsel. Thus, the absence of counsel at the time of identification of appellant in the instant case presents no error.

■ No claim is advanced that appellant did not have effective legal assistance at the trial, only that counsel was not appointed when appellant first appeared before the Justice of the Peace. Belated appointment of counsel, standing alone, does not require reversal. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419.

■ Appellant contends the court erred in overruling his motion to suppress evidence seized from the pickup in which appellant and the co-defendant were arrested.

A broadcast giving the description of the suspects and the getaway vehicle was given over the police radio, and as a result of same, Officer Coleman stopped the vehicle in which appellant and co-defendant Belt were riding. See Land v. State, Tex. Cr.App., 465 S.W.2d 153; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270. Officer Seeley, responding to a radio request from Coleman, arrived at the scene of the arrest, and while talking to appellant outside the pickup, noticed a pistol on the floorboard. Appellant complains of admission of the twenty-two caliber pistol and money taken from the pickup urging that the items in the pickup were not "within his immediate control" under the holding in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. Officer Seeley, having a right to be where he was, could observe, in plain view or open sight (Officer Seeley had testified that appellant left the door of the pickup open when he stepped out), the gun on the floor of the pickup. The gun and money taken from the pickup were not fruits of an illegal search and are admissible as evidence in plain view. Norris v. State, Tex.Cr.App., 482 S.W.2d 280; Holman v. State, Tex. Cr.App., 474 S.W.2d 247; Elliott v. State, Tex.Cr.App., 450 S.W.2d 863.

■ Appellant contends that the court erred in overruling his motion to quash the indictment.

Appellant urges that he was not informed of the nature and cause of the accusation contrary to the Sixth Amendment to the Constitution of the United States, in that the indictment alleges merely that "money" was taken in the robbery without regard to whether the "money" was currency or coin and that the indictment does not conform to Article 21.09, Vernon's Ann.C.C.P., in that there is no designation by name,

kind, quality or number of the property alleged to have been taken.

Byrd v. State, Tex.Cr.App., 456 S.W.2d 931, is contrary to appellant's contention. In Byrd, this Court held that robbery indictment which alleged that defendant took "money" sufficiently described the property taken. See Rodgers v. State, Tex. Cr.App., 448 S.W.2d 465.

■ Appellant further contends that the indictment is defective in that it alleges that the money taken was the property of George York, while York testified that the money, though under his control, belonged to his boss.

In West v. State, Tex.Cr.App., 480 S. W.2d 640, it was said, "this Court has held 'that any possession of the victim which is superior to that of the robber is sufficient ownership or possession to be subject to robbery, and that property taken by force and violence from an employee in a grocery store is robbery.' Wright v. State, 468 S.W.2d 422 (Tex.Cr.App.1971); Goodrum v. State, 172 Tex.Cr.R. 449, 358 S.W. 2d 120 (1962)."

We reject appellant's contention that the court erred in overruling his motion to quash the indictment.

Appellant contends that the court erred in not allowing the examining trial transcript to be introduced into evidence at the trial and in refusing to permit it to be made a part of the record for appeal.

A number of times throughout the trial, appellant offered the transcript of the examining trial into evidence and the court refused to admit same. The appellant stated to the court that such testimony was offered, "For impeachment purposes is the only reason I ever offered it. That is all I am interested in. To impeach the witness, and Judge Tipton primarily, is all I offered it for."

■ The proper predicate for impeachment requires that the witness, on cross-examination, must first be asked whether he made the alleged contradictory statement at a certain place, to a certain person, at a certain time. If he denies making it, the self-contradicting statement may be proved. Branch's P.C., 2d Ed., Sec. 201 and authorities cited therein. Appellant attempted to offer the entire transcript of the examining trial for purposes of impeachment. Only that portion which contradicted the witness would be admissible and the fact that it contained statements which might impeach a witness would not furnish the proper predicate for the admission of the entire transcript of the examining trial.

■ It appears from the record that appellant had a copy of the examining trial transcript for use throughout the trial. Absent a proper predicate for the introduction of the record of the examining trial, we find that the court was not in error in denying appellant's request to admit it into evidence and refusing to make it a part of the appellate record.

■ Appellant contends the court erred in allowing the introduction of his criminal record at the punishment stage of the trial.

Appellant contends generally that the proper predicate was not laid for introduction of prior criminal record but does not specify in what respect the predicate is inadequate. We find no merit to this complaint.

Article 37.07, V.A.C.C.P., was held in Redd v. State, Tex.Cr.App., 452 S.W.2d 919, to put every accused on notice that the State may show his prior criminal record. We reject appellant's contention that notice was not given him regarding the introduction of his criminal record.

Spencer v. Texas, 87 S.Ct. 648, 385 U.S. 552, is adverse to appellant's contention that the introduction of his criminal record is violative of his rights under the Constitution of the United States. See Puentes v.

State, 463 S.W.2d 730; Leal v. State, Tex. Cr.App., 445 S.W.2d 750.

The judgment is affirmed.

Opinion approved by the Court.