Sidney Arnold COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47225.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

W. S. Foster, Waco, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of carrying a prohibited weapon, a pistol. His punishment was assessed at a fine of two hundred dollars.

The statement of facts reflects that shortly after midnight on January 24, 1972, two Waco policemen received a call reporting a disturbance involving a weapon at a drive-in grocery. On their way to the scene, the officers observed appellant's car in the vicinity, and noted that it matched the description of a car reportedly involved in an earlier disturbance. Upon arriving at the drive-in grocery, the officers talked with the clerk of the store and learned that he was not aware of any disturbance. As they were leaving the store, the officers observed that appellant's car was still in the area. They then decided to investigate in order to determine whether this was the car involved in the earlier disturbance, and, if not, whether the driver knew of or was involved in a disturbance of which the store clerk had been unaware.

The officers followed appellant for a short distance and then turned on their red light in order to signal appellant to stop. However, the appellant continued to drive on and did not stop until he had travelled some two blocks, turned a corner, and driven his car into a private driveway.

The officers left their car in the street and approached appellant's vehicle. Appellant got out of the car, leaving his door open, and, at one officer's request, produced his driver's license. As appellant handed over his license, the officer noticed a revolver lying in the front seat, and seized it. Appellant then said to the officer, "Quit playing with my gun. It's loaded." Appellant also told the officers that he always carried a gun and always would. The officer who had seized the pistol then unloaded it and stuck it in his belt, at which point appellant made an effort to retake it. A grappling match then ensued over who was to retain possession of the weapon, which resulted in appellant's being subdued and arrested.

■ Appellant lumps together several complaints in his brief. The first appears to be that appellant was on his own property at the time of the arrest, and therefore committed no offense. A similar contention based on similar facts was held to be without merit in Thayer v. State, 452 S.W.2d 496 (Tex.Cr.App.1970).

Appellant next urges that he was not stopped for any violation of law which would have given the officers a right to search his automobile.

■ In view of the facts, including the late hour, the fact that appellant's car matched the description of one involved in an earlier disturbance, the fact that appellant seemed to be remaining in the vicinity of the later disturbance call, and the fact that appellant refused to stop in response to the police officers' red light, we cannot say that the officers acted improperly in investigating appellant. Compare Talbert v. State, 489 S.W.2d 309 (Tex.Cr.App. 1973).

■ As for the question of the search, the evidence reflects that the pistol was in plain view. This Court has often held that items seized while in plain view are not

**474**

obtained as a result of a search. See Ellingsworth v. State, 487 S.W.2d 108 (Tex.Cr.App.1972); Norris v. State, 482 S.W.2d 280 (Tex.Cr.App.1972); Onofre v. State, 474 S.W.2d 699 (Tex.Cr.App.1972); Holman v. State, 474 S.W.2d 247 (Tex.Cr.App.1971).

 Appellant also appears to argue that there was no showing that he possessed the pistol, since his teen-aged son and daughter-in-law were with him in the car, and because at trial, after testifying in his own behalf, he successfully "took the Fifth Amendment" when cross-examined about his ownership of the pistol.[1] Apparently, appellant disregards the effect of the statements he made to the arresting officers. These were sufficient evidence of possession. See Courtney v. State, 424 S.W.2d 440 (Tex.Cr.App.1968).

The judgment is affirmed.

---

1. We fail to understand how appellant could successfully take "the Fifth Amendment" after testifying in his own behalf.