Charles Michael SKUNDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 48090.

Court of Criminal Appeals of Texas.

May 1, 1974.

———◆———

Melvyn Carson Bruder and Barry P. Helft (Court-appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of murder. The punishment was assessed by the court at life.

Dean Densman, the deceased, was a confidential informer who had furnished information to the narcotics section of the Dallas police department. Michelle Raley testified that the appellant, whose street name was "Speed Freak Charlie," had told her that he intended to kill Dean Densman. James E. Carver, Jr., testified that after the appellant had been arrested and been released on bond he, the appellant, told him, Carver, "He ratted on a bunch of people. He ratted on me, so I killed him." Allan Ray Lassiter testified that he had seen the appellant and Densman at a Dallas restaurant shortly before the shooting. Immediately after hearing four or five gunshots fired, he saw the appellant turn and run into a nearby alley. A white Pontiac with license number MRV 806, driven by a woman, was then seen speeding away from the scene. Bill James McRae, Jr., testified that he had sold a handgun to the appellant. The .32 caliber gun found in appellant's possession when he was arrested was shown to be the same gun McRae had sold him and also to have been the same gun which fired the fatal shots.

Appellant's sole contention is that the pistol seized from his possession was improperly admitted into evidence because it was obtained as the result of an unlawful arrest.

The circumstances surrounding the arrest were as follows: D. L. Carpenter, the officer who arrested appellant, testified that on the day in question a dispatch was put out over the police radio to be on the lookout for a 1965 white Pontiac Tempest with license number MRV 806. The radio dispatch related further that a witness had seen a car fitting the description speeding away from the scene of a shooting and that the car was probably being driven by a white female. He also testified that he was specifically looking for the appellant. Officer Carpenter testified that he first observed the car travelling from Carroll Avenue to Elm Street and that the sole reason he stopped the vehicle was because of the earlier radio dispatch. When Officer Carpenter stopped the vehicle, the appellant was driving and was the sole occupant of the car. Carpenter informed the appellant that he was looking for the car and that a white female was driving it. The appellant said, "Oh, yeah, that was Marie. I loaned her my car." Within a few seconds after he had stopped the appellant, Officer L. S. Lamountain arrived. Officer Lamountain testified that upon his arrival the appellant and Officer Carpenter were standing just behind the appellant's car and in front of Carpenter's patrol car. He walked over to the appellant's car and observed a brown paper bag on the seat. Lamountain testified that the brown paper bag was wrapped so that there appeared to be a gun inside the bag. He then opened the car door and reached in and picked up the package. It contained a pistol.

The car was specifically described to include the license number. Although the reason is not clear from the record, the officers were also looking for the appellant in connection with the homicide, apparently as a result of the police broadcast. The trial court had sufficient evidence to conclude that there was probable cause for the officer to stop the car. After the car was stopped, the brown paper bag containing what appeared to be a pistol was in plain view and, therefore, was lawfully seized by the officers. Coleman v. State, Tex.Cr. App., 500 S.W.2d 472; Jackson v. State, Tex.CrApp., 449 S.W.2d 279.

No reversible error having been shown, the judgment is affirmed.