**Jerry Lynn JOHNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2-81-024-CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 6, 1982.
Rehearing Denied Feb. 3, 1982.

Allan K. Butcher, J. Don Carter, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of murder. Trial was before a jury which returned a verdict of guilty and assessed punishment at 32 years in the Texas Department of Corrections.

The murder occurred during a robbery of a Fina Service Station in Fort Worth. Joella Proctor, a witness for the State testified that she saw the appellant walk past her house enroute to the service station. Shortly thereafter, she walked to the service station to buy some Excedrin. She testified that when she got to the door of the station, she saw the appellant standing over the prostrate owner saying, "If you move I'll pop you again." The owner of the station died of a gunshot wound.

Mrs. Proctor was the only witness at or near the scene of the murder who positively identified appellant as being at the scene. Counsel for the appellant sharply contested her identification of the appellant, particularly with regard to her description of the boots worn by the assailant and of a goatee worn by the assailant, and repeatedly tried to impeach her on cross-examination by alleged prior inconsistent statements she had given an investigator for the appellant. These efforts to impeach were futile in that each was met by an objection from the State sustained by the trial court. Finally, appellant's counsel asked for a hearing outside the presence of the jury where the following transpired:

"MR. CARTER: Your Honor, it's my understanding—maybe I'm wrong—I understand to impeach a witness after they have testified to certain facts that if they have made an earlier inconsistent statement about the facts that you can impeach the witness about the earlier statements if you ask the question did they make a contrary statement to a certain person at a certain time on a certain occasion and say something different to the effect that whatever the different facts were that is all you have to do.

THE COURT: Counsel, you and I have the same understanding, but this witness said she didn't remember.

MR. CARTER: Well, my question was did she remember as her testimony is today. She said she did not remember.

THE COURT: I heard your question.

MR. CARTER: My impeaching question is did she ever say a different thing than that.

THE COURT: I will let you ask her outside the presence of the jury.

MR. CARTER: Let me ask the first question and start over.

THE COURT: No, just ask the impeaching question, Counsel.

MR. CARTER: Oh, all right.

BY MR. CARTER (TO THE WITNESS): Q. Did you make a contrary statement to Bob Jones on June 21st, 1977, where you told him that the man that you saw in the brown boots that walked by your house— that he had a goatee?

THE WITNESS: Can I say what I saw?

THE COURT: Just answer the question.

A. (By the witness) I might have but I really don't know. When he called me it was late at night and I did not even want to talk to him on the phone. I don't remember exactly what I said to him.

THE COURT: All right.

MR. CARTER: Now Your Honor, my point is this, by doing this before the jury then I am entitled to impeach her on it.

THE COURT: I sustain the objection, Counsel.

\* \* \*

THE COURT: Where she says she doesn't remember that is not impeachable if she denies it it is."

■ "The proper predicate for impeachment requires that the witness, on cross-examination, must first be asked whether he made the alleged contradicting statement at a certain place, to a certain person, at a certain time." *Ellingsworth v. State*, 487 S.W.2d 108, 112 (Tex.Cr.App. 1972). When the predicate has been laid and the witness either denies or *states that he does not remember having made the* prior inconsistent statement, then impeachment may proceed. *Hutson v. State*, 164 Tex.Cr.R. 24, 296 S.W.2d 245 (1956); Ray, Texas Law of Evidence sec. 695 (3rd ed. 1956). We hold that it was error for the trial court to disallow appellant's efforts to impeach the State's witness.

■ The State, however, contends that since no bill of exceptions was perfected, error, if any, has not been preserved. We disagree. V.A.C.C.P. art. 40.09, subd. 6(d)(1), provides that, "no bills of exception shall be essential to authorize appellate review of the question whether the court erred in excluding such testimony or other evidence. The court, in its discretion, may allow an offer of proof in the form of a concise statement by the party offering the same of what the excluded evidence would show, to be made before the reporter out of the presence of the jury...and in the event the record contains...such an offer of proof the same shall be accepted on appeal..." Before the appellant rested his case, his counsel offered to the trial court, out of the presence of the jury and before the reporter, a brief statement as to what the impeachment testimony would show. The error of the trial court was properly preserved for review.

■ Error having been established, we must now determine whether such error was harmless or reversible. *Phenix v. State*, 488 S.W.2d 759 (Tex.Cr.App.1972). The State's witness, Joella Proctor, sought to be impeached, was the only witness who positively identified appellant as being in the service station at the time of the murder. She testified that she *saw* appellant standing over the deceased saying "If you move I'll pop you again." Impeachment of this witness was the keystone of the defense of the appellant, and the denial of appellant's attempt to do so is reversible error.

We sustain grounds of error 1, 2, and 3.

We have considered grounds of error 4–9, inclusive, and finding them to be without merit, they are overruled.

Reversed and remanded.