Jessie James BROWN, Appellant,

v.

The STATE of Texas, State.

No. 2–81–055–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 10, 1982.

---

Danny D. Burns, Forth Worth, for appellant.

Tim Curry, Dist. Atty. and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, RICHARD L. BROWN and JORDAN, JJ.

### OPINION

JORDAN, Justice.

Appellant was indicted for attempted murder and aggravated assault. He pled not guilty and was tried to a jury which found him guilty of aggravated assault and set his punishment at three years confine-

ment in the Texas Department of Corrections.

We affirm.

The appeal is brought on three points of error. The facts in this case are somewhat typical of a situation involving a ridiculous, senseless confrontation between two pugnacious, hardheaded men. On the evening of July 31, 1978 one Carl Simmons went to a neighbor's house across the street to borrow a wrench to work on the muffler of his automobile. Simmons was working underneath his car, at the neighbor's house, when appellant Jessie James Brown came on the scene and began to berate Simmons about how loud and shabby his car was. An argument ensued; appellant swung a cane at Simmons and Simmons started to pick up an automobile starter weighing twenty to thirty pounds to try to ward off appellant's attack with the cane. Appellant left the scene, only to return shortly with a gun. He asked Simmons if he would have hit him with the automobile starter earlier and when Simmons told him he would have hit him if appellant had hit him with the cane, appellant started shooting at Simmons. Simmons was hit three times by bullets from appellant's gun, once in each arm and once in the chest right near the heart. A woman bystander, coming out of the door of the neighbor's house where all this transpired, was also hit by a bullet.

Appellant's first two grounds of error are related and both complain of a statement by the assistant prosecutor in jury argument which appellant says was a misstatement of the law. The statement of the assistant prosecutor complained of is this:

Mr. Linebarger: "Let's talk about a couple of things ... on voir dire Mr. Molina (defense counsel) hammered in forty-five heads a man has a right to arm himself and to seek an explanation and he has a right to pursue and to shoot him so put that completely out of your mind because that's not the law applicable this case." A general objection was made to this argument, which was sustained by the court. The prosecutor then told the jury: "All the law that's concerned in this case is in this Charge ..."

■ The statement quoted above was actually not a misstatement of the law in this case. On voir dire counsel for appellant repeatedly asked prospective jurors if they agreed with the law that one could arm himself and seek out another in order to resolve any differences between them. When the evidence was complete and the charge of the court submitted, there was nothing contained in it on the law mentioned by appellant's counsel that one has the right to arm himself and seek out another to resolve their differences. Prosecutor Linebarger, in the above quoted jury argument, was simply reminding the jury that this law was not involved in this case and that the law which the jury was to follow was contained in the charge of the court.

■ We think he was correct and in view of the questions raised on voir dire by defense counsel, that the statement was proper. In addition, the general objection, which of course was insufficient, was sustained, and the court was not asked to instruct the jury not to consider it, nor was there any motion for mistrial. Any error was waived.

In his second ground of error appellant contends that after the statement made in jury argument by Mr. Linebarger, quoted above, the court should have orally instructed the jury on the right of appellant to arm himself in order to seek a peaceful resolution of his differences with Carl Simmons. Appellant contends that the court placed a limitation on appellant's right of self-defense when, after sustaining appellant's objection to the prosecutor's statement, the court said: "I sustained the objection. They will just follow the law. We won't discuss the other law. The court has given them the evidence in this case ..." There was no complaint about the self-defense instructions in the court's written charge. That charge correctly and fully instructed the jury on the law of self-defense and placed no limitation on appellant's right of self-defense. As we understand his contentions on appeal, appellant says that because

of the prosecutor's statement and the court's remarks that a limitation was placed on appellant's right of self-defense. We think not. Appellant's right of self-defense was not limited or encumbered by either the prosecutor's or the court's remarks.

 The rule is that unless the court's charge places some limitation on the accused's right of self-defense, such as by a charge on provoking the difficulty, or otherwise, a charge on the right to carry arms is not necessary. *Young v. State*, 530 S.W.2d 120, (Tex.Cr.App.—1975). The charge here placed no limitation on appellant's right of self-defense. Neither did appellant request at any time, either at the charge stage, or during argument of which he complained, a charge on provoking the difficulty which was the cause of the shooting in this case.

Appellant's first two grounds of error are overruled.

The third ground of error complains of the trial court's alleged restriction of cross-examination on the amount of beer consumed by Carl Simmons on the day of the shooting. Simmons first denied that he had consumed any beer on that day but on cross-examination admitted that after work that afternoon, some five or six hours prior to the shooting, had in fact had about "a quart and two cans" of beer. Appellant tried to show, after Simmons denied that he was in the habit of drinking 30 beers a day, that in fact Simmons had told one of the doctors at the hospital that he usually drank 30 beers a day. The question appellant's counsel asked was this: "Have you ever told anyone anything inconsistent with the fact that you cannot drink thirty bottles of beer a day." Objection to this question was sustained by the court.

The proper predicate for this question was not asked and therefore the court ruled properly in sustaining the State's objection to it. Before a witness may be impeached with a prior inconsistent statement he must first be asked whether he made the alleged contradictory statement at a certain place, to a certain person, at a certain time. *Ellingsworth v. State*, 487 S.W.2d 108 (Tex.Cr.App.1972); *Hutson v. State*, 164 Tex.Cr.R. 24, 296 S.W.2d 245 (1956). See also the recent opinion of this court in *Johns v. State*, 626 S.W.2d 920, delivered 1982.

Appellant's third ground of error is also overruled.

The judgment is affirmed.