**Affirmed and Memorandum Opinion on Remand Filed August 14, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00355-CR

### NARADA HICKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1234343**

## MEMORANDUM OPINION ON REMAND

Appellant Narada Hicks was convicted of the offense of aggravated assault. On remand from the Texas Court of Criminal Appeals,[1] this court considers whether the trial court reversibly erred by denying appellant's motion for mistrial when the jury was

---

[1] We concluded in our original opinion that the evidence was legally sufficient to support a jury finding that appellant intentionally assaulted the complainant. *See Hicks v. State*, —S.W.3d—, 2011 WL 723507, at \*2–3 (Tex. App.—Houston [14th Dist.] 2011), *rev'd*, 2012 WL 2400758. Because reckless aggravated assault is a lesser-included offense of intentional aggravated assault, *Hicks*, 2012 WL 2400758, at \*1, sufficient evidence of the greater offense necessarily establishes sufficient evidence of the lesser offense. *E.g.*, *Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009) ("If the State proves the charged offense, it necessarily proves all lesser-included offenses."). Accordingly, we do not reconsider the sufficiency of the evidence to support appellant's conviction for reckless aggravated assault.

deadlocked and instead providing an allegedly coercive supplemental *Allen* charge.[2]  We affirm.

## BACKGROUND

The facts of this case are well-developed in the opinion from the Court of Criminal Appeals.  *See Hicks v. State*, No. PD-0495-11, —S.W.3d—, 2012 WL 2400758, at *1–2 (Tex. Crim. App. June 27, 2012).   We therefore include only the facts relevant to disposition of the sole issue on remand in this opinion.

The jury found appellant guilty of aggravated assault.  At the punishment hearing, the State reoffered all the evidence from the guilt-innocence phase, offered appellant's stipulation that he had been placed on three years' deferred adjudication for a drug offense in 2006, and rested.   Appellant called several witnesses who testified on his behalf.  The jury retired for deliberations at 1:30 p.m.  At 1:51 p.m., the foreperson sent a note to the court asking if the jury could assess punishment of community supervision without assessing prison time.  The trial court referred the jury to the punishment charge.  The jury continued to deliberate, but at 2:48 p.m., the foreperson sent another note to the trial court stating that the jurors were unable to reach a unanimous decision and they did not foresee anyone's changing his or her mind.  Without objection by appellant, the trial court instructed the jury to continue deliberating, which it did until the jurors were excused for the day at around 5:00 p.m.

The next morning, the jury began deliberations at 9:53 a.m.  At 11:05 a.m., the foreperson sent the trial court the following note:  "Deliberations have ceased.  We are dead locked 11 to 1 and have been since 11:30 AM yesterday."[3]   In response to this communication, appellant's counsel moved for a mistrial, asserting:

---

[2] *See Allen v. United States*, 164 U.S. 492, 501 (1896).

[3] The record reflects that the jury began its deliberations the previous day at 1:30 p.m., not 11:30 a.m. as the note suggests.

Judge, we move the Court to grant a mistrial in this case. The reason is the jury is deadlocked. They've sent the Court [a note] saying they're hopelessly deadlocked and they've been deadlocked since 11:30 yesterday,[4] which means they did approximately five hours of deliberations yesterday and almost two hours this morning on three-and-a-half hours of testimony. And it seems to me that it's useless to ask them to continue when they've . . . ceased deliberations and they're hopelessly deadlocked. So, we're asking you to grant a mistrial.

The State responded by requesting an *Allen* charge. The trial court denied appellant's motion for mistrial, called the jury back into the courtroom, and instructed it as follows:

Ladies and gentlemen of the jury, in response to your last note which you sent out telling us that deliberations have ceased and you are deadlocked, I am going to charge you accordingly.

Members of the jury, it would be necessary for the Court to declare a mistrial if the jury found itself unable to arrive at a unanimous verdict after a reasonable length of time. The indictment will still be pending and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such further jury would be [impaneled] in the same way that this jury has been [impaneled] and they will still hear the same evidence which has been presented to this jury. The question[s] to be determined by the jury will be the same questions confronting you and there is no reason to hope that the next jury will find those question[s] any easier to decide than you have found them.

With this additional instruction, you are requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury if you can do so without doing violence to your conscience. Don't do violence to your conscience, but continue deliberating.

At 12:40 p.m., the jury reached a verdict, assessing punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for ten years and recommending community supervision of the sentence. When asked by the trial court if that was the jury's verdict, each of the jurors responded "yes." Based on the jury's

---

[4] *See* footnote 2, *supra*.

recommendation, the trial court suspended appellant's sentence and placed him on community supervision for ten years. This appeal timely ensued.

## ANALYSIS

In the sole issue on remand, we consider whether the trial court erred in denying appellant's motion for mistrial and providing the jury with an allegedly coercive *Allen* charge. Specifically, appellant asserts that the notes stating the jury was deadlocked and the amount of time the jury deliberated indicate it was "altogether improbable" that the jurors were going to reach a unanimous decision based on their own consciences.

A trial court's denial of a motion for mistrial is reviewed for an abuse of discretion. *Gamboa v. State*, 296 S.W3d 574, 580 (Tex. Crim. App. 2009). Similarly, the length of time a jury deliberates rests within the sound discretion of the trial court.[5] *See Bell v. State*, 938 S.W.2d 35, 56 (Tex. Crim. App. 1996).

An *Allen* charge is a supplemental charge sometimes given to a jury that declares itself deadlocked. *Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006). It reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case will still be pending, and there is no guarantee that a second jury would find the issues any easier to resolve. *Id.* Such a charge is permissible in Texas courts, but trial courts must word and administer this supplemental charge in a non-coercive manner. *Id.*; *see also Howard v. State*, 941 S.W.2d 102, 123–24 (Tex. Crim. App. 1996). An *Allen* charge is unduly coercive and improper only if it pressures jurors into reaching a particular verdict or conveys the court's opinion of the case. *West v. State*, 121 S.W.3d 95, 108–09 (Tex. App.—Fort Worth 2003, pet. ref'd).

*Allen* charges nearly identical to the one given here have been found proper and non-coercive. *E.g.*, *id.* at 109; *Willis v. State*, 761 S.W.2d 434, 437–38 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). Thus, we conclude that nothing in the instruction

---

[5] A jury may be discharged when, in the discretion of the trial court, it "has been kept together for such time as to render it altogether improbable that it can agree." Tex. Code Crim. Proc. Ann. art. 36.31.

itself was coercive. *See West*, 121 S.W.3d at 109; *Willis*, 761 S.W.2d at 438. Further, when the trial court submitted the *Allen* charge, the jury had been deliberating for only five or six hours. The jury was tasked with considering not only the brief defense witnesses presented at the punishment hearing, but also with considering all the evidence adduced during the two-day trial on guilt-innocence.

Under these circumstances, we cannot say that the trial court abused its discretion by providing the non-coercive *Allen* charge. *See, e.g.*, *Potter v. State*, 481 S.W.2d 101, 106 (Tex. Crim. App. 1972) (providing *Allen* charge after four hours of deliberation not error); *cf. Holmon v. State*, 474 S.W.2d 247, 249 (Tex. Crim. App. 1972) (concluding eight hours of jury deliberation following one-hour punishment hearing not excessive and did not result in coerced verdict).

For the foregoing reasons, we overrule appellant's only issue remaining on remand. Accordingly, the judgment of the trial court is affirmed.

/s/     Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Frost and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).

5